Robert B. SIMMONS, Plaintiff-Appellant,

v.

McGUFFEY NURSING HOME, INC., et al., Defendants-Appellees.

No. 79–1434.

United States Court of Appeals,
Fifth Circuit.

June 16, 1980.

---

William F. Prosch, Jr., Birmingham, Ala., for plaintiff-appellant.

Inzer, Suttle, Swann & Stivender, James C. Inzer, Jr., James C. Stivender, James Scott Sledge, Gadsden, Ala., for McGuffey Nursing Home, Inc., et al.

Before WISDOM, RONEY and HATCHETT, Circuit Judges.

PER CURIAM:

This is an age discrimination case. Robert B. Simmons, the plaintiff, a 51-year-old man, contends that the McGuffey Nursing Home, Inc., (McGuffey) located in Gadsden, Alabama, violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq., by terminating him as Administrator of the home. He was replaced by a 34-year-old man.[1]

Mrs. Bessie McGuffey owned and operated the nursing home for many years. In December 1949 Robert Simmons married one of her daughters. In 1954 he went to work for McGuffey as a yard and maintenance man. By 1972 he was Administrator and a non-voting member of the Board of Directors. After the mother's death in 1973 her three daughters have been stockholders, jointly owning less than 50 percent of the stock. The remainder of the stock, and therefore control of the company, was placed in trust with a corporate fiduciary, Central Bank. The seven members of the Board of Directors consisted of the three sisters, an officer of the trustee bank, the accountant for McGuffey, the attorney for McGuffey, and the plaintiff.

Marital problems between Simmons and his wife flared up in 1975. They were separated in late 1975 and were divorced in January 1976. The district court found that "the circumstances surrounding the divorce were less than amiable [sic]".

In November 1976 the Board of Directors of McGuffey voted unanimously not to renew Simmons's contract for 1977. McGuffey's attorney was not present. Simmons agreed to stay on as Administrator until a replacement could be found. A 34-year-old man was hired in February 1977.

On May 12, 1977, Simmons filed a notice of intent to sue for alleged age discrimination with the Secretary of Labor. After the Department of Labor advised him that its efforts to eliminate the alleged discrimination through informal conciliation procedures had been unsuccessful, he filed suit on December 5, 1977. On January 2, 1979, the district court found that the decision not to renew the contract was based on Simmons's "strained relationship with three of the stockholders, one being his former wife and the others being former sisters-in-law" and that Simmons had shown no evidence "which might infer that age was even a factor in the decision not to renew plaintiff's contract." The Court granted a summary judgment for the defendants.

---

1. The Act was designed to protect individuals who are at least 40 years of age but less than 65 years of age. 29 U.S.C. § 631.

"The summary judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10 C. Wright & A. Miller, Federal Practice and Procedure § 2712 at 370. "On summary judgment the inferences to be drawn from the underlying facts contained in such materials must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold*, 1962, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176, 177.

A plaintiff suing under the Age Discrimination in Employment Act "makes out a prima facie case by showing [1] that he was within the statutorily protected age group, [2] that he was discharged, [3] that the employer sought to replace him with a younger person and [4] that he was replaced with a younger person outside the protected group". *Marshall v. Westinghouse Electric Corp.*, 5 Cir. 1978, 576 F.2d 588, 590. Once this occurs, "the defendant bears the burden of 'going forward' to demonstrate reasonable factors other than age for the plaintiff's discharge". *Id.* "Once the defendant-employer comes forward with evidence that the plaintiff was discharged because of reasonable factors other than age, the plaintiff must still bear the burden of establishing a case of discrimination by a preponderance of the evidence." *Bittar v. Air Canada*, 5 Cir. 1975, 512 F.2d 582, 582–83.

Here, as the district court stated in its Memorandum decision, Simmons made out a prima facie case, but the defendants bore their burden of "going forward" by demonstrating that he was discharged because of "reasonable factors other than his age". Affidavits by the defendants state that Simmons no longer got along with his wife and her sisters. Five members of the Board of Directors stated that:

The decision of the Board of Directors of McGuffey Nursing Home to not renew the contract of Mr. Simmons was based on Mr. Simmons' performance of his duties as Administrator and his strained personal relationship with three of the stockholders, one being his former wife and the others being former sisters-in-law, and at no time was his age ever considered or made a factor in the Board's not renewing Mr. Simmons' contract.

Simmons himself testified that the President of the corporation, one of his wife's sisters, told him that he was terminated because of his "character".

Simmons argues that, despite these affidavits, there exists a question of fact whether he was fired because of his age. In his deposition he stated that his age must have been the reason for his termination "because I could see no other reason I could have been". Simmons's statement is conclusory and unsupported by any specific evidence. He also cites an affidavit by his daughter, Dianne Pinkston. She stated that she heard one Board member who was considering a replacement for Simmons state that "we want a younger man this time". The district court found that the daughter's statement did "not traverse the verified and understandable reason plaintiff's contract was not renewed, i. e., marital and former in-law problems". That a member of the Board wanted a younger man as his *replacement* does not mean that he was *terminated* because of his age. Neither Simmons's nor Pinkston's statement demonstrates the existence of a question of fact.

The district court found that Simmons's contract was not renewed because of "marital and in-law problems". It is certainly understandable that, after a messy divorce, a divorcee and her sisters would not want her former husband deeply involved in their family business. No evidence suggests that Simmons, a 51-year-old man, was replaced because he was too old to be the Administrator of a nursing home. The possibility of a jury drawing a contrary inference sufficient to create a dispute as to a material fact does not reify to the point even of a thin vapor capable of being seen or realized by a reasonable jury. The judgment is AFFIRMED.