Rayford C. PACE, Plaintiff-Appellant,

v.

SOUTHERN RAILWAY SYSTEM,
Defendant-Appellee.

No. 81–8021.

United States Court of Appeals,
Eleventh Circuit.

April 4, 1983.

William L. Hazleton, Augustine & Hazleton, Atlanta, Ga., for plaintiff-appellant.

Carey P. DeDeyn, Sutherland, Asbill & Brennan, Judith A. O'Brien, Atlanta, Ga., for defendant-appellee.

Before FAY and KRAVITCH, Circuit Judges, and MORGAN, Senior Circuit Judge.

KRAVITCH, Circuit Judge:

This is an appeal from a grant of summary judgment in favor of defendant-appellee, Southern Railway System, in an action brought by Rayford C. Pace, plaintiff-appellant, under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 *et seq.* Appellant alleged that appellee discriminated on the basis of his age in its decision to demote him. The court below, 530 F.Supp. 381, granted summary judgment, concluding that appellant had failed to establish a prima facie case of age discrimination. We affirm.

Appellant was first employed by Southern in 1944. Including two brief periods in which appellant left appellee's employ,[1] he has been employed by Southern for over thirty years. During that period he held a variety of jobs. In January 1971, Pace was promoted to the position of Superintendent of the Signal and Electrical Department (S & E). S & E subsequently was merged with another department to form the Communications and Signals Department (C & S). The superintendent of the former Communications Department, J.T. Hudson (Hudson), became General Superintendent of Operations in the new C & S. Initially, appellant was Assistant General Superintendent—Operations in C & S but after one year was transferred to the position of Senior Construction Engineer. Appellant considered this transfer a promotion. In 1974, appellant was reassigned to the previous position of Assistant General Superintendent—Operations. He considered this a demotion. Near this time Hudson was promoted to Assistant Vice President of the C & S Department. F.H. McIntyre (McIntyre) was promoted to General Superintendent—Operations. Thus, Hudson was McIntyre's immediate superior and McIntyre was immediately above the appellant in the Southern Railway hierarchy.

Appellant retained his position as Assistant General Superintendent until November, 1978 when he was transferred to Senior Development Engineer in C & S. At this time appellant was fifty-one years old. Both parties and the court below have

---

1. Appellant was not employed by Southern between 1950 and 1953, and 1966 and 1968.

treated this transfer as a demotion. Appellant was replaced as Assistant General Superintendent by D.E. Barker (Barker), who was then forty-nine years old, had been with Southern for twenty-two years, and had been rated "competent" on his last performance appraisals. Barker, in turn, was replaced in his former position of Assistant Director of Engineering in C & S by A.L. White, age forty-five. In depositions reviewed in conjunction with the motion for summary judgment, McIntyre and Hudson asserted that the reason for the demotion was appellant's inability to carry out effectively the significant administrative responsibilities associated with the Assistant General Superintendent—Operations position. Appellee contends that appellant was aware of his superior's criticism of his administrative abilities. It alleges that McIntyre and Hudson discussed these difficulties with him on several occasions.

Appellant argues that he "recalls no discussions or criticisms of his job performance" from the date of a 1976 job performance appraisal until the notification of the demotion in 1978.[2] The formal job appraisal in 1976, filled out by McIntyre, reflected that appellant's technical abilities were sound, criticized his administrative abilities and rated him overall as "adequate," the second lowest possible rating. Hudson later indicated the rating should be raised one category to "competent." Appellant attempts to refute the negative aspects of the appraisal by stating he "disagreed with the bulk of this assessment of his work."[3]

In deposition appellant testified that he first learned of the extent of the dissatisfaction with his work in July, 1978 in a meeting with Hudson and McIntyre. There Hudson informed appellant that he intended to transfer him to another job. McIntyre indicated that this was the first he knew of any such decision but had been involved in previous discussions regarding Pace's allegedly inadequate performance. In September, McIntyre wrote a letter to Hudson suggesting Pace be given a different position involving fewer administrative duties and where his technical skills could be better utilized. The demotion to Senior Development Engineer occurred in November, 1978.

Appellant argues that the grant of the motion for summary judgment was error because material facts and factual inferences were in dispute and because, contrary to the district court's conclusion, he had established a prima facie case of age discrimination. Appellee contends that no prima facie case was established and that none of appellant's asserted issues of disputed fact are material in that none are probative of the material issue in the case: discrimination.

In granting appellee's motion for summary judgment, the district court concluded that appellant had failed to make out a prima facie case of age discrimination and, therefore, defendant was entitled to judgment as a matter of law.

Much time was consumed at oral argument and much space allotted in the briefs of both parties on the question of the proper test to be applied in determining whether a prima facie case has been established. Appellees argue that a four prong, *McDonnell Douglas* type test is appropriate in all cases other than those involving reduction-in-force. The *McDonnell Douglas* test was developed in context of suits under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq., see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973),[4] but has been applied in a slightly altered form to

---

**2.** Plaintiff's Statement of Material Facts in Opposition to Motion for Summary Judgment at 2.

**3.** *Id.*

**4.** In *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824, the Court stated one method for establishing a prima facie case of race discrimi-

nation under Title VII where a job application is rejected is for a plaintiff to show:

> (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants;

actions under the ADEA. *Price v. Maryland Casualty Co.,* 561 F.2d 609, 612 (5th Cir.1977).[5] *See also Houser v. Sears, Roebuck & Co.,* 627 F.2d 756, 757 (5th Cir.1980). In order to establish a prima facie case of discrimination under this test, a plaintiff must prove (1) that he is a member of the protected group;[6] (2) that adverse employment action was taken against him, *e.g.* discharge, demotion, failure to hire; (3) he was replaced by a person outside the protected group; and (4) he was qualified for the position for which he was rejected. *Price v. Maryland Casualty Co.,* 561 F.2d at 612. *Cf. Simmons v. McGuffey Nursing Home, Inc.,* 619 F.2d 369 (5th Cir.1980); *Marshall v. Westinghouse Electric Corp.,* 576 F.2d 588 (5th Cir.1978); *Marshall v. Goodyear Tire & Rubber Co.,* 554 F.2d 730, 735–36 (5th Cir.1977) (test modified further in later cases where plaintiff discharged from previously held position; the prong requiring proof of qualification is removed and plaintiff must prove not only that the employer replaced him with someone outside the protected group but also specifical-

ly had sought to replace him with a younger person).[7]

Appellee encourages application of this test because, as the district court found, appellant cannot show that he was replaced by one outside the protected age group. Appellant's replacement, Barker, was forty-nine years old at the time he replaced appellant. Thus, if the modified *McDonnell Douglas* test, as set forth in *Price, supra,* were the exclusive means of establishing a prima facie case under the ADEA appellant clearly could not succeed.

As the district court, the appellee, and the appellant all have realized, however, the *McDonnell Douglas/Price* test is not the sole method of establishing a prima facie case of age discrimination. Indeed in *McDonnell Douglas* the Supreme Court noted: "The facts necessarily will vary in Title VII cases, and the specification above the prima facie proof required . . . is not necessarily applicable in every respect to differing factual situations." *McDonnell Douglas Corp. v. Green,* 411 U.S. at 802 n. 13, 93 S.Ct. at 1824 n. 13. The particular circum-

---

(iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

5. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) this court adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

6. As of January 1, 1978, the protected group under the ADEA includes persons at least forty years of age but less than seventy years of age. 29 U.S.C. § 631(a). Prior to that time the protected group was between forty and sixty-five years of age.

7. A plaintiff discharged by his employer and suing under the ADEA " 'makes out a prima facie case by showing [1] that he was within the statutorily protected age group, [2] that he was discharged, [3] that the employer sought to replace him with a younger person and [4] that he was replaced with a younger person outside the protected group.' " *Simmons v. McGuffey Nursing Home, Inc.,* 619 F.2d 369 (5th Cir. 1980), quoting *Marshall v. Westinghouse Electric Corp.,* 576 F.2d 588, 590 (5th Cir.1978). Recent cases indicate that affirmative proof of

qualification still is required in failure to hire or failure to promote cases. *See Ford v. General Motors Corporation,* 656 F.2d 117, 118–19 n. 2 (5th Cir. Unit B 1981). The discrepancy between these cases can be resolved by recognizing that in discharge or demotion cases, where a plaintiff has held a position for a significant period of time, qualification for *that* position, sufficient to satisfy the test of a prima facie case can be inferred. However, where the position sought has not been held previously there is no basis for an inference of qualification.

The district court held that, in addition to failing to prove that he was replaced by a person outside the protected group or in any other way to prove the nexus between the demotion and a discriminatory motive, Pace failed to prove he was qualified for the position from which he was demoted. Because we affirm on another ground the finding that appellant failed to establish a prima facie case, and thus affirm the grant of summary judgment, we need not decide whether Pace was qualified for the position. Assuming the above analysis, however, direct proof of qualification for the position from which he was demoted would not be required.

stances of some age discrimination cases require flexibility in analyzing whether a prima facie case has been established. The most obvious need for flexibility is present in reduction-in-force cases, where an employee is discharged and is not replaced at all, but alleges that his selection as the one to be discharged is motivated by discrimination based on his age. This court previously has recognized the need for flexibility in such cases. *McCuen v. Home Insurance Co.,* 633 F.2d 1150 (5th Cir. Unit B 1981); *McCorstin v. United States Steel Corp.,* 621 F.2d 749 (5th Cir.1980). *McCuen* stated:

Title 29 U.S.C.A. § 623(a)(1) makes it unlawful for an employer 'to discharge any individual ... because of such individual's age.' *Interpreting the statute so as to limit its protection to those instances when a covered employee is replaced by a non-covered employee would permit an employer to fire a 69-year-old employee solely because of his age and replace him with a 40-year-old.* It would also afford no protection against discrimination on the basis of age when a work force is being reduced.

*McCuen v. Home Insurance Co.,* 633 F.2d at 1151 (emphasis added).

As *McCuen* indicates, reduction-in-force situations are not the only instances in which the facts of a particular case will present a prima facie case even though the plaintiff was not replaced by one outside the protected age category. The particularly amorphous nature of age discrimination counsels against rigid application of a *McDonnell Douglas/Price* test.

A mechanistic application of the *McDonnell* prima facie test is especially dangerous in the context of age discrimination. Seldom will a sixty-year-old be replaced by a person in the twenties. Rather the sixty-year-old will be replaced by a fifty-five-year-old, who, in turn, is succeeded by a person in the forties, who also will be replaced by a younger person. Eventually, a person outside the protected class will be elevated but rarely to the position of the one fired.

*McCorstin v. United States Steel Corp.,* 621 F.2d at 754. In *McCorstin,* as in *McCuen,* the court noted that, not only in reduction-in-force cases, but also in ADEA cases where the evidence shows a pattern of replacing employees with younger personnel, the court must be open to alternative methods of proof of a prima facie case.

[B]ecause the discrimination involves age, rather than sex or race, a requirement that the replacement be from a nonprotected group fails to take the reality of the working place into account. Because of the value of experience rarely are sixty-year-olds replaced by those under forty. The replacement process is more subtle but just as injurious to the worker who has been discharged. That the person is replaced by a person ten years younger rather than twenty years does not diminish the discrimination; the subtlety only tends to disguise it.

*Id.*

We therefore reaffirm that the *McDonnell Douglas/Price* test, while a viable one, is "not the alpha and omega of possible tests in the age discrimination context." *McCorstin,* 621 F.2d 753.

■ This conclusion does not leave the courts standardless in determining whether a prima facie case has been established. Rather such a determination turns on whether the plaintiff has presented sufficient evidence to provide a basis for an inference that age was a factor in the employment decision. *See Simmons v. McGuffey Nursing Home, Inc.,* 617 F.2d at 370; *Marshall v. Goodyear Tire & Rubber Co.,* 554 F.2d at 735. Any particular test is only a tool to facilitate evaluation of the proof and to aid the court in evaluating whether a basis for an inference of discrimination has been created. Once it has been established, the prima facie case serves as a rebuttable presumption that the employer unlawfully discriminated against the plaintiff, requiring the defendant to come forward with a legitimate, non-discriminatory

reason for the action. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254–56, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981). Thus, no matter what test is used, the overall assessment of whether a prima facie case has been established must turn on whether, on the particular facts of a given case, the plaintiff has presented proof of a kind and quantity that requires the defendant to come forward with non-discriminatory reasons for the adverse employment action.

In the instant case, Pace seeks to show the nexus between his demotion and a discriminatory motive by utilizing an alternative to the third prong of the *McDonnell Douglas/Price* test which requires a showing that he was replaced by one outside the protected group. Assuming all other prongs of the *McDonnell Douglas/Price* test have been satisfied, we focus our inquiry on whether appellant has shown sufficiently the nexus between his demotion and age discrimination.

■ Certainly, where a plaintiff has adduced proof meeting all prongs of the *McDonnell Douglas/Price* test including evidence that he was replaced by one outside the protected age group, a prima facie case is made out. Likewise, if there is direct evidence of discriminatory intent a prima facie case will be established. *See Spagnuolo v. Whirlpool Corp.,* 641 F.2d 1109, 1113 (4th Cir.1981). No such evidence has been presented here.

■ Another method of establishing the nexus between age discrimination and adverse employment action is by statistical proof of a pattern of discrimination. In those situations, such as that presented in *McCorstin,* where all elements of the *McDonnell Douglas/Price* test are met except for proof that the plaintiff was replaced by one outside the protected group, statistical proof or other "evidence of a pattern of terminating older workers ... allow[s] the reasonable inference that age had played a role in appellant's discharge."

*McCorstin v. U.S. Steel Corp.,* 621 F.2d at 754. *See also Hodgson v. First Federal Savings & Loan Association,* 455 F.2d 818 (5th Cir.1972); *Moore v. Sears, Roebuck & Co.,* 464 F.Supp. 357 (N.D.Ga.1979). If a plaintiff seeks to rely on proof of a pattern of discrimination to satisfy this pertinent element of a prima facie case, he has the burden of presenting such statistical evidence that will, in conjunction with the other elements, give rise to an inference of discrimination.

Here appellant presented statistics showing the reassignments in the C & S Department, occurring in November, 1978, the time of his demotion. There were eleven such reassignments. Six were promotions. Four of the persons promoted were in the protected group and were older than their predecessors; two of those predecessors also were promoted and two were transferred. Two of the promotions were of persons younger than their predecessors but the predecessors also were promoted. Four of the reassignments were transfers. Apparently all of the transferees were younger than their predecessors but one replaced an employee who retired, one replaced an employee who also was transferred (Barker), one replaced a deceased employee, and one replaced appellant who had been demoted. Appellant was the only employee demoted at this time and he was replaced by a younger employee.

■ These statistics fail to satisfy appellant's burden. Clearly, no discriminatory pattern is established. Indeed, the fact that of the six promotions four were of persons within the protected group and the only promotions of persons outside the group were coupled with promotions of the older predecessors, negates an argument of a pattern of discrimination. Furthermore, a statistical analysis of promotions would be persuasive evidence of discrimination only if plaintiff proffered evidence of the percentage of persons in the protected age group who were promoted as compared to the percentage of persons outside the pro-

tected group who were promoted. Appellant has failed to place these statistics in a relevant context. *Lindsey v. Southwestern Bell Telephone Co.,* 546 F.2d 1123, 1124 (5th Cir.1977).

Appellant also presents evidence of the demotions occurring in the C & S and S & E departments from 1966 to 1978. Of the twelve persons demoted, ten were in the protected age group, four were replaced by persons outside the protected group, and eight were replaced by persons younger than themselves. The district court found that this statistic failed to show a pattern of discrimination because the sample size was too small and because replacement of four of the ten demotees with persons outside the protected group does not establish a pattern of discrimination. While at first the statistics may appear to indicate a pattern of demoting older workers similar to that found in *McCorstin,* they are flawed in one vital respect. Appellant fails to show what percentage of the employee population in the C & S and S & E departments was in the protected age group and what percentage was not. If a substantial majority of the employee population of the department was composed of persons in the protected age group, the fact that 83% of those demoted were in the protected group is not by itself significant. *Id.*

Appellant also proffers evidence that only ten of the thirty-six employees promoted into the plaintiff's work area between January 1978 and October 1979 were in the protected group. This statistic, too, is of no avail when not placed in a relevant context. In many work environments, promotion into a particular department will be of persons with lesser experience. Those with the requisite experience or knowledge are likely already to be in the department in which they will remain. Evidence of promotions *into* the department may be significant but only if compared to promotions into other departments within the company or into comparable departments in other companies. Standing alone, the statistics prof-

feréd give the court no basis for inferring a discriminatory pattern. *Id.* at 1124 (statistical evidence insufficient because failed to make comparison to general population).

Having failed to place any of the statistical data within a relevant framework or to present evidence allowing this court to construct the framework in which the evidence proffered by appellant would be relevant, we affirm the district court's finding that the statistical data fails to show a pattern of discrimination. Appellant has failed, therefore, to make out a prima facie case by proof of a pattern of discrimination.

■ Appellant also submits that the element of a prima facie case at issue here is established because appellant was replaced by someone two years his junior who in turn was replaced by someone four years younger and this alone gives rise to an inference of age discrimination. In *Moore v. Sears, Roebuck & Co.,* 464 F.Supp. 357 (N.D.Ga.1979), the district court, recognizing the need for flexibility in assessing proof of a prima facie case in an ADEA action, indicated that a prima facie case may be established if, in addition to proving he was in the protected class, was qualified and was discharged, a plaintiff "(a) shows he was replaced by a person younger than himself, (b) produces direct evidence of discriminatory intent, or (c) produces statistical evidence of discriminatory conduct." *Id.* at 363 (footnote omitted). The conclusion that replacement by a younger person will support a prima facie case was founded in part on a Department of Labor (DOL) interpretive rule in which the DOL concludes that replacement of a protected employee by one also within the protected group does not preclude a finding of a prima facie case of discrimination. *See* 49 C.F.R. § 860.91. *See also Spagnuolo v. Whirlpool Corp.,* 641 F.2d 1109 (4th Cir. 1981) (53-year old demoted employee replaced by 40-year old successfully established ADEA claim). Indeed, the Ninth Circuit has held that "replacement by even an older employee will not necessarily fore-

close prima facie proof if other direct or circumstantial evidence supports an inference of discrimination." *Douglas v. Anderson,* 656 F.2d 528, 533 (9th Cir.1981).

We agree with the tenor of these cases in so far as they establish that replacement by one within the protected category will not *preclude* proof of a prima facie case. However, in no case does the court hold that as a matter of law a prima facie case is established if a plaintiff simply shows he is in the protected group, was adversely affected by an employment decision, was qualified and was replaced by one younger than himself. In each of these cases not only was the plaintiff replaced by someone younger but there also was other evidence of discrimination based on age. In *Moore* the district court explicitly found that the plaintiff had produced sufficient statistical data of discrimination to preclude summary judgment. That the plaintiff had been replaced by one younger yet still in the protected class was only an additional ground for finding that a prima facie case had been established. In *Spagnuolo,* the Fourth Circuit affirmed a judgment for an ADEA plaintiff who had shown not only that he was replaced by someone thirteen years younger but within the protected group but also had presented direct evidence of purposeful discrimination by the defendant. *Spagnuolo v. Whirlpool Corp.,* 641 F.2d at 1113. In *Douglas,* though a directed verdict for the defendant was affirmed, the Ninth Circuit held that the plaintiff had made out a prima facie case. The plaintiff had shown that he was replaced by someone younger than himself, yet within the protected age group, and also had presented "substantial evidence of satisfactory job performance." *Douglas v. Anderson,* 656 F.2d at 533. The Ninth Circuit noted that an inference of age discrimination can be established when all other elements of a *McDonnell Douglas/Price* test are established but, instead of replacement by one outside the protected group, the plaintiff "was replaced by a *substantially* younger employee with equal or inferior qualifications." *Id.* at 533 (emphasis sup-

plied). The court aptly observed that "[i]f the replacement is only slightly younger than the plaintiff, then it is less likely that an inference of discrimination can be drawn." *Id.* In *Douglas,* the replacement was only five years younger than the plaintiff but the substantial evidence of qualifications of the plaintiff served to heft the plaintiff over the line between failure and success in establishing a prima facie case. A prima facie case may be established only when there is a basis for inferring that discrimination is the reason for the employment decision and in none of the cases discussed was the fact that the replacement was younger than the plaintiff enough, standing alone, to give rise to that inference.

In the instant case, the district court held that the two year differential between the appellant and his replacement was not substantial enough to satisfy the relevant prong of the prima facie test. We make no ruling as to whether in another case where, in addition to a two year age differential there is statistical proof of a pattern of discrimination or direct proof of discriminatory intent, a prima facie case may be established. Here, however, where the replacement was only two years younger than appellant, there was no direct proof of discriminatory intent, and no statistical evidence showing a pattern of discriminatory activity, we affirm the district court's finding that plaintiff's proof failed to give rise to an inference of age discrimination, and to establish a prima facie case of age discrimination.

Given appellant's failure to establish even a prima facie case, the district court correctly granted defendant's motion for summary judgment. Summary judgment may be granted only when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). *See Warrior Tombigbee Transportation Co., Inc. v. M/V Nan Fung,* 695 F.2d 1294 at 1296 (11th Cir.1983); *Clemons v. Dougherty*

County, Georgia, 684 F.2d 1365, 1368 (11th Cir.1982). In reviewing a grant or denial of summary judgment this court applies the same standards as those by which the district court is controlled, *Warrior Tombigbee Transportation Co., Inc. v. M/V Nan Fung,* supra, 695 F.2d at 1296. In deciding whether the party seeking summary judgment has met the exacting burden justifying summary judgment, "[a]ll reasonable doubt about the facts should be resolved in favor of the non-movant." *Clemons v. Dougherty County, Georgia,* 684 F.2d at 1369.

 Appellant, in response to appellee's motion for summary judgment, presented a list of "material facts" allegedly in dispute: an explanation of the requirements of the job from which he was demoted; a statement that his last performance evaluation rated him as only "competent" (although he disagreed with some of its substance and recalled no other discussions of his job performance); an 8% salary increase in 1974 and a 6% increase in 1977, both intended to reward at least adequate performance; his own and his immediate supervisor's surprise at his demotion; his replacement by one with a job rating equal to but no better than appellant's and his successor's replacement by one rated no higher than appellant; an assertion that appellant was the only employee demoted in November 1978, and, since 1966, 8 of 10 demotees in the relevant departments have been replaced by younger men. Even viewing all these "facts" in the light most favorable to the appellant, we hold that appellant has failed to show a prima facie case of age discrimination. While establishing a prima facie case in and of itself does not always suffice for an ADEA plaintiff to survive a motion for summary judgment, *see Simmons v. McGuffey Nursing Home, Inc.,* 619 F.2d 369, 371 (5th Cir.1980), failure to establish a prima facie case warrants summary judgment. By definition, failure to establish a prima facie case means that the plaintiff has failed to proffer proof sufficient to impose even a burden of rebut-

tal on the defendant. *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. at 253–54, 101 S.Ct. at 1093–94. Where the ADEA plaintiff has shown "no evidence 'which might infer that age was even a factor in the decision'" of which plaintiff complains summary judgment is warranted. *Simmons v. McGuffey Nursing Home, Inc.,* 619 F.2d at 370. A plaintiff, when faced with a motion for summary judgment, cannot rely on attenuated possibilities that a jury would infer a discriminatory motive, but rather must come forward with sufficient evidence to establish a prima facie case and respond sufficiently to any rebuttal by the defendant to create a genuine issue of material fact. Even where a prima facie case has been established but the defendant has rebutted with a proffer of legitimate, nondiscriminatory reasons for the discharge, a genuine issue of material fact is not automatically presented. As the Supreme Court noted in *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. at 254 n. 7, 101 S.Ct. at 1094 n. 7, once established a prima facie case creates a rebuttable presumption of discrimination; but this presumption alone does not create an inference that a material fact, sufficient to present a jury question, is in issue. *See also Reeves v. General Food Corp.,* 682 F.2d 515, 521–22 & n. 9 (5th Cir.1982). *Cf. Moore v. Sears, Roebuck & Co.,* 464 F.Supp. at 366 ("Only in an extraordinary instance could rebuttal evidence be so conclusive as to permit summary adjudication). In *Simmons, supra,* defendants rebutted plaintiff's prima facie case by showing a legitimate, nondiscriminatory reason for the discharge and plaintiff failed to prove that age, rather than the nondiscriminatory reason, was the motivation for the decision. 619 F.2d at 371. This court held that summary judgment was appropriate because "[t]he possibility of a jury drawing a contrary inference sufficient to create a dispute as to a material fact does not reify to the point even of a thin vapor capable of being seen or realized by a reasonable jury." *Id.*

The possibility is even more remote here, reifying to neither a thin vapor nor a fine

mist, because appellant has failed to establish a prima facie case. Therefore, summary judgment is particularly appropriate.[8] *Cf. Moore v. Sears, Roebuck & Co.,* 464 F.Supp. at 366 (summary judgment inappropriate where ADEA plaintiff can make out a prima facie case and arguably meritorious responses to defendant's rebuttal are presented).

Accordingly, we AFFIRM the judgment of the district court.

8. We note that even if a threshold prima facie case had been established, appellee successfully rebutted any inference of discrimination. In turn appellant has failed to respond to appellee's evidence that it was dissatisfied with appellant's performance. Taking as true that appellant was unaware between the 1976 performance appraisal and July of 1978 of the dissatisfaction with his performance and that Barker had no better performance ratings than did appellant, a basis for an inference of poor management and decisionmaking may be made out, but certainly no basis for an inference of discrimination. *See Simmons v. McGuffey Nursing Home, Inc.,* 619 F.2d at 371.