ADAMS, Justice.
Plaintiff, John Greaves, appeals from the summary judgment entered by the Circuit Court of Jefferson County, based upon a determination that his removal as dean of students did not violate the Age Discrimination in Employment Act (“ADEA”) 29 U.S.C. § 621 et seq. (1982). We affirm.
*410 The pleadings and depositions submitted in this case show that plaintiff was an untenured administrator — the dean of students — and was employed on a year-to-year contract basis with defendant, Jefferson State Junior College. On February 20, 1980, plaintiffs position was eliminated by. the defendant. As of February 20, plaintiff had been the dean of students for twelve years and was 53 years old. The defendant honored the pay provisions of plaintiff’s contract through the remainder of the 1979-80 academic year, and then retained plaintiff in an instructor’s position on a year-to-year contract basis.
On July 23, 1980, plaintiff filed suit against the school, alleging, inter alia, that it had violated the ADEA. After the other claims had been disposed of, the court granted defendant’s motion for summary judgment on the ADEA claim, and plaintiff appealed.
The sole issue for our review in this appeal is whether plaintiff proved a prima facie case of age discrimination, thus precluding summary judgment. This ADEA summary judgment standard is discussed later in this opinion.
Both plaintiff and defendant direct this Court’s attention to the case of Williams v. General Motors Corp., 656 F.2d 120 (5th Cir.1981), as a leading case with regard to a prima facie showing in reduction-in-force cases. In Williams, the court stated:
[W]e hold that a plaintiff in this job reduction case could have established a prima facie case by: (1) satisfying the “standing requirements under the statute,” [McCorstin v. United States Steel Corp., 621 F.2d 749, 753 (5th.Cir.1980) ], i.e., showing that he is within the protected age group and that he has been adversely affected — discharged or demoted — by defendant’s employment decision; (2) showing that he was qualified to assume another position at the time of discharge or demotion; and (3) producing evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue. While the first two requirements have appeared with frequency in age discrimination cases, the third one is tailored to the reduction-in-force facts such as those before us and requires some amplification.
The third requirement is based upon our understanding of the duty the ADEA imposes upon an employer. The ADEA mandates that an employer reach employment decisions without regard to age, but it does not place an affirmative duty upon an employer to accord special treatment to members of the protected age group. The age of a “protected” job applicant or incumbent, then, is accorded neutral status under the ADEA, neither facilitating nor hindering his employment, his chances for advancement, or his exposure to demotion or discharge. Our third requirement simply insists that a plaintiff produce some evidence that an employer has not treated age neutrally, but has instead discriminated based upon it. Specifically, the evidence must lead the factfinder reasonably to conclude either (1) that defendant consciously refused to consider retaining or relocating a plaintiff because of his age, or (2) defendant regarded age as a negative factor in such consideration.
656 F.2d at 129-30. In accord, Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir.1983).
Plaintiff claims that he proved a prima facie case of age discrimination because he was initially replaced with two men who were both younger than he was. It is undisputed that, when plaintiff’s position was abolished, the duties of that position were divided between two employees of the junior college: Doctor Farquhar, who was both a dean of special services and an associate dean of student services, who was 49 years old, and who assumed the bulk of the duties; and Robert Dren-nen, who was also a dean and who was 40 years old at the time. Plaintiff claims that, because these employees, were respectively, 4 and 13 years younger than he, this provided some proof of age discrimination.
*411 In the very recent case of Goldstein v. Manhattan Industries, Inc., 758 F.2d 1435 (11th Cir.1985), the Court of Appeals stated:
The mere fact that one employee is replaced with another who is younger certainly does not, without more, give rise to an inference that age was even considered in the decision to dismiss or demote the first employee. Historical experience does often lend support to suspicions that replacements of black with whites or women with men are not coincidental. However, whenever employees are replaced, their replacements are invaribly either older or younger than they are, and the distinctions are usually unimportant.
758 F.2d at 1443.
Another leading case in this area of the law is Pace v. Southern Ry. System, 701 F.2d 1383 (11th Cir.1983). There, the Court of Appeals undertook a lengthy discussion of what must be shown in order to prove a prima facie case, stating:
Appellant also submits that the element of a prima facie case at issue here is established because appellant was replaced by someone two years his junior who in turn was replaced by someone four years younger and this alone gives rise to an inference of age discrimination. In Moore v. Sears, Roebuck & Co., 464 F.Supp. 357 (N.D.Ga.1979), the district court, recognizing the need for flexibility in assessing proof of a prima facie case in an ADEA action, indicated that a pri-ma facie case may be established if, in addition to proving he was in the protected class, was qualified and was discharged, a plaintiff “(a) shows he was replaced by a person younger than himself, (b) produces direct evidence of discriminatory intent, or (c) produces statistical evidence of discriminatory conduct.” Id. at 363 (footnote omitted). The conclusion that replacement by a younger person will support a prima facie case was founded in part on a Department of Labor (DOL) interpretive rule in which the DOL concludes that replacement of a protected employee by one also within the protected group does not preclude a finding of a prima facie case of discrimination. See 49 C.F.R. § 860.91. See also Spagnuolo v. Whirlpool Corp., 641 F.2d 1109 (4th Cir.1981) (58-year old demoted employee replaced by 40-year old successfully established ADEA claim). Indeed, the Ninth Circuit has held that “replacement by even an older employee will not necessarily foreclose prima facie proof if other direct or circumstantial evidence supports an inference of discrimination.” Douglas v. Anderson, 656 F.2d 528, 533 (9th Cir.1981).
We agree with the tenor of these cases in so far as they establish that replacement by one within the protected category will not preclude proof of a prima facie case. However, in no case does the court hold that as a matter of law a prima facie case is established if a plaintiff simply shows he is in the protected group, was adversely affected by an employment decision, was qualified and was replaced by one younger than himself. In each of these cases not only was the plaintiff replaced by someone younger but there also was other evidence of discrimination based on age.
701 F.2d at 1389-90. The Court went on to say:

A prima facie case may be established only when there is a basis for inferring that discrimination is the reason for the employment decision and in none of the cases discussed was the fact that the replacement was younger than the plaintiff enough, standing alone, to give rise to that inference.

701 F.2d at 1390.
Thus, according to the above-cited authority, plaintiff has failed to prove a prima facie case merely by asserting that those who took over his duties were younger than he was.
Finally, plaintiff argues that, according to Coker v. Amoco Oil Co., supra, he proved a prima facie case of age discrimination by showing that he was not hired for a position which later opened at *412 the junior college. Unfortunately for plaintiff, there is absolutely no evidence that he ever applied for that position. From that which appears before us, plaintiff talked with President Judy Merritt about the position and was informed of the application procedure. According to Merritt, she fully expected plaintiff to apply, and she claims that she encouraged him to do so. However, as of the filing of this suit, plaintiff had not availed himself of the application process. As we have already noted, the Williams case states that an employer must reach employment decisions without regard to age, but that there is no affirmative duty on the employer to “accord special treatment to members of the protected age group.” 656 F.2d at 129.
With regard to whether summary judgment was appropriate in this case, we again find language from Pace v. Southern Ry. System, supra, to be informative:
While establishing a prima facie case in and of itself does not always suffice for an ADEA plaintiff to survive a motion for summary judgment, see Simmons v. McGuffey Nursing Home, Inc., 619 F.2d 369, 371 (5th Cir.1980), failure to establish a prima facie case warrants summary judgment. By definition, failure to establish a prima facie case means that the plaintiff has failed to proffer proof sufficient to impose even a burden of rebuttal on the defendant. Texas Dept. of Community Affairs v. Burdine, 450 U.S. [248] at 253-54, 101 S.Ct. [1089] at 1093-94 [67 L.Ed.2d 207 (1981) ]. Where the ADEA plaintiff has shown “no evidence 'which might infer that age was even a factor in the decision’ ” of which plaintiff complains summary judgment is warranted. Simmons v. McGuffey Nursing Home, Inc., 619 F.2d at 370. A plaintiff, when faced with a motion for summary judgment, cannot rely on attenuated possibilities that a jury would infer a discriminatory motive, but rather must come forward with sufficient evidence to establish a prima facie case and respond sufficiently to any rebuttal by the defendant to create a genuine issue of material fact. Even where a prima facie case has been established but the defendant has rebutted with a proffer of legitimate, nondiscriminatory reasons for the discharge, a genuine issue of material fact is not automatically presented. As the Supreme Court noted in Texas Dept. of Community Affairs v. Burdine, 450 U.S. at 254 n. 7, 101 S.Ct. at 1094 no. 7, once established a prima facie case creates a rebuttable presumption of discrimination; but this presumption alone does not create an inference that a material fact, sufficient to present a jury question, is in issue. See also Reeves v. General Food Corp., 682 F.2d 515, 521-22 & n. 9 (5th Cir.1982). Cf. Moore v. Sears, Roebuck & Co., 464 F.Supp. at 366 (“Only in an extraordinary instance could rebuttal evidence be so conclusive as to permit summary adjudication). In Simmons, supra, defendants rebutted plaintiff’s prima facie case by showing a legitimate, nondiscriminatory reason for the discharge and plaintiff failed to prove that age, rather than the nondiscriminatory reason, was the motivation for the decision. 619 F.2d at 371. This court held that summary judgment was appropriate because “[t]he possibility of a jury drawing a contrary inference sufficient to create a dispute as to a material fact does not reify to the point even of a thin vapor capable of being seen or realized by a reasonable jury.” Id.
701 F.2d at 1391.
In her deposition, President Merritt states:
“My purpose in reorganizing the institution was not related to individuals or their capabilities, or an evaluation of those individuals, their capabilities. It was related to meeting a certain crisis that existed — that is, a financial crunch— and turn around the enrollment, which related very closely to our finances, unfortunately, and direct as many resources of the institution as possible to the instructional area. It did not relate the reorganization to the specific abilities or inabilities of existing positions.”
*413 Plaintiff has not offered one iota of evidence that his age was even considered by Merritt when the decision was made. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.