Vernon **EARLEY** and Garey Noe, **Plaintiffs–Appellants,**

v.

**CHAMPION INTERNATIONAL CORP.,** Defendant–Appellee.

No. 89–7163.

United States Court of Appeals, Eleventh Circuit.

Aug. 2, 1990.

Claudia H. Pearson, Michael Quinn, Gordon, Silberman, Wiggins and Childs, Birmingham, Ala., for plaintiffs-appellants.

Kelly J. Koelker, Sharon A. Cobb, R. Lawrence Ashe, Jr., Weyman T. Johnson, Jr., Paul, Hastings, Janofsky & Walker, Atlanta, Ga., Wesley Redmond,

Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, Ala., for defendant-appellee.

Before JOHNSON and EDMONDSON, Circuit Judges, and PECKHAM *, Senior District Judge.

EDMONDSON, Circuit Judge:

This appeal is from a summary judgment for defendant. Because we conclude that plaintiffs established no more than a colorable claim of age discrimination, we affirm. We also conclude that the district court acted within its discretion in denying plaintiffs' motion to compel discovery on a nationwide basis.

In 1985, Champion International Corporation merged with St. Regis Corporation, necessitating the consolidation and reorganization of corporate staff and employees at Champion facilities. Each facility prepared a master plan—entailing streamlined operations—setting out its part of a company-wide force reduction. The manager of the Materials Department at Champion's paper manufacturing mill in Courtland, Alabama, proposed eliminating nineteen jobs in his department; plaintiffs' jobs were targeted. In 1986, under a new manager, the plan was revised and implemented.[1] Ultimately ninety-eight employees at the Courtland facility lost jobs as a result of the reduction in force ("RIF"). Many employees older than plaintiffs retained

---

* Honorable Robert F. Peckham, Senior U.S. District Judge for the Northern District of California, sitting by designation.

1. The company informed its employees that it hoped to achieve the work force reduction by voluntary attrition of employees, through early retirement for those individuals age 54 and above, and through voluntary severance, transfer, or elimination of unfilled positions.

their jobs, and many employees younger than plaintiffs were terminated.

In 1987, Noe and Earley were terminated as part of Champion's RIF. Since the RIF, Champion has neither restored the eliminated positions nor hired a replacement for either plaintiff. Earley and Noe filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Then Earley and Noe instituted the present action, seeking relief under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq.*, for alleged discriminatory discharge.

## DISCUSSION

■ Upon review of a grant of summary judgment, we apply the same legal standard that bound the district court. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir.1987). Summary judgment is appropriate where there is no genuine issue of material fact. Fed.R.Civ.P. 56(c). The trial court "must consider all the evidence in the light most favorable to the non-moving party," *Rollins*, 833 F.2d at 1528, and "resolve all reasonable doubts in favor of the non-moving party." *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir.1987). A trial court, however, is not required "to resolve *all* doubts in such a manner." *Barnes*, 814 F.2d at 609.

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 1). "[The summary judgment] standard mirrors the standard for a directed verdict under the Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in sup-port of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512.

■ Consideration of a summary judgment motion does not lessen the burdens on the non-moving party: the non-moving party still bears the burden of coming forward with sufficient evidence on *each element* that must be proved. *Rollins*, 833 F.2d at 1528. "[I]n ruling on a motion for summary judgment, the judge must view the evidence presented through the prism of the [movant's] substantive evidentiary burden." *Anderson*, 477 U.S. at 254, 106 S.Ct. at 2513. The trial judge must bear in mind the "actual quantum and quality of proof necessary to support liability" in a given case. *Id.* "[I]f on any part of the prima facie case there would be insufficient evidence to require submission of the case to a jury, we must affirm the grant of summary judgment [for the defendant]." *Barnes*, 814 F.2d at 609.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such circumstances, there can be 'no genuine issue of material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552.

Where as here discovery has been conducted, "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is *merely colorable*, or is *not significantly probative*, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50,

106 S.Ct. at 2511 (citations omitted) (emphasis added); *accord Hudson v. Southern Ductile Casting Corp.*, 849 F.2d 1372, 1376 (11th Cir.1988). Summary judgments for defendants are not rare in employment discrimination cases. *See, e.g., Mauter v. Hardy Corp.*, 825 F.2d 1554 (11th Cir. 1987); *Grigsby v. Reynolds Metal Co.*, 821 F.2d 590 (11th Cir.1987); *Palmer v. District Bd. of Trustees of St. Petersburg Junior College*, 748 F.2d 595 (11th Cir. 1984); *Pace v. Southern Ry. Sys.*, 701 F.2d 1383 (11th Cir.1983); *Simmons v. McGuffey Nursing Home, Inc.*, 619 F.2d 369, 371 (5th Cir.1980).[2] Summary judgment is appropriate in this case because plaintiffs have failed to carry their burden of proof on elements of the prima facie case.

## A. Prima Facie Case

In an employment discrimination case, the plaintiff must first make out a prima facie case. When the defendant produces legitimate nondiscriminatory reasons for the adverse employment action, the burden shifts back to the plaintiff to establish that these reasons are pretextual. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

The inference of intentional discrimination raised by a plaintiff's prima facia case "may be stronger or weaker, depending upon the facts of the particular case." *Grigsby*, 821 F.2d at 595. "To a large extent, of course, the strength or weakness of the inference of discrimination created by the employee's *prima facie* case defines the nature of the employer's rebuttal." *See Meiri v. Dacon*, 759 F.2d 989, 997 (2d Cir.1985). In some cases, the defendant's evidence of a legitimate non-discriminatory reason for its actions may be so strong as to rebut completely the inference raised by the plaintiff's prima facie case. *Grigsby*, 821 F.2d at 596.

The defendant may be entitled to summary judgment if he produces evidence of legitimate nondiscriminatory reasons for the employment action. To survive summary judgment, the plaintiff must then present concrete evidence in the form of specific facts which show that the defendant's proffered reason is mere pretext. Mere conclusory allegations and assertions will not suffice. *Mauter*, 825 F.2d at 1558; *Grigsby*, 821 F.2d at 596–97; *Palmer*, 748 F.2d at 599; *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir.1983); *Pace*, 701 F.2d at 1391; *Simmons*, 619 F.2d at 371. Most important, the plaintiff always bears the ultimate burden of proving discriminatory treatment by a preponderance of the evidence. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093.

A plaintiff may establish a prima facie case of age discrimination in three ways: by presenting direct evidence of discriminatory intent; by meeting the test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); or by demonstrating through statistics a pattern of discrimination. Insufficient data exist here to prove a pattern of discrimination; so, we address no further the statistical proof issue.

### 1. Direct Evidence

Plaintiffs seek to avoid summary judgment by relying on what they claim to be direct evidence of discrimination, but this is not a direct evidence case. "Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact [in issue] *without inference or presumption.*" *Carter v. City of Miami*, 870 F.2d 578, 581–82 (11th Cir. 1989) (emphasis added); *accord Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1558 n. 13 (11th Cir.1988); *Rollins*, 833 F.2d at 1528 n. 6. "[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, ... constitute direct evidence of discrimination." *Carter*, 870 F.2d at 582. One example of direct evidence would be a management memorandum saying, "Fire Earley—he is too old." But the evidence at issue here, at most, *suggests* discrimina-

---

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former Fifth Circuit decided prior to October 1, 1981.

tion, leaving the trier of fact to *infer* discrimination based on the evidence; by definition then, the evidence is circumstantial. *Rollins*, 833 F.2d at 1529.

Plaintiffs point to documents which refer to the ages or birth dates of Champion's Courtland Mill employees as purported evidence of unlawful discriminatory intent. Many of these documents have nothing to do with the RIF. Those documents that relate to the RIF comprise assessments of the number of employees eligible for voluntary early retirement. None of the documents relate to specific actions taken towards plaintiffs because of plaintiffs' age.

As in *Ard v. Southwest Forest Industries*, 849 F.2d 517, 521 (11th Cir.1988)—in which plaintiffs offered as evidence of age discrimination an organizational chart identifying the ages of all plant supervisors, coupled with concern by the plant manager about the rate of retirement—plaintiffs' documentary evidence is "so attenuated and weak" as to be at best merely colorable and not significantly probative. To accomplish a RIF by natural attrition and voluntary early retirement is lawful. Evaluations of the age of the work force as part of a restructuring and reduction-in-force plan are indicative of thorough business planning and are not direct evidence of discriminatory intent.

Plaintiffs also point to a pre-merger policy of Champion to find alternate employment for displaced long-term employees. They stress Champion's failure to place them in alternate employment. This is not direct evidence of discrimination on the basis of age, and the suspension of this policy during the RIF supports no inference of intentional age discrimination. *Cf. Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1366 (7th Cir.1988) (arbitrary application of neutral employment policy may not support even inference of intentional discrimination). The discontinuation of a long-term employee transfer policy is consistent with a corporation-wide force reduction where each facility is responsible for reducing its work force. While there was a

limited number of vacancies nationwide that were filled by transfers, a third of those people transferred were in the protected age group. Furthermore, Earley's unwillingness to consider relocation outside Courtland, Alabama, further undermines any inference drawn from Champion's failure to find a position for Earley.

### 2. Circumstantial Evidence

■ In cases based on circumstantial evidence, the *McDonnell Douglas* test can be useful. Under *McDonnell Douglas*, a plaintiff makes out a prima facie case of age discrimination if he establishes (1) that he belongs to a protected class; (2) that he applied and was qualified for a job for which the employer was seeking applicants; (3) that despite his qualifications, he was rejected; and (4) that after his rejection the position remained open and the employer continued to seek applicants of similar qualifications. 411 U.S. at 802, 93 S.Ct. at 1824. Because this case involves a RIF—where the employer seeks no new applicants for jobs terminated—plaintiffs cannot meet the fourth part of the *McDonnell Douglas* test.

■ We have adopted a variant of the *McDonnell Douglas* test applicable to reduction-in-force cases to be proved by circumstantial evidence. Generally, a plaintiff in a job-reduction case can establish a prima facie case by demonstrating (1) that he was in a protected age group and was adversely affected by an employment decision; (2) that he was qualified for his current position or to assume another position at the time of discharge or demotion; and (3) evidence by which a fact finder might reasonably conclude that the employer intended to discriminate on the basis of age in reaching the decision at issue. *Barnes*, 814 F.2d at 609; *accord Williams v. General Motors Corp.*, 656 F.2d 120, 129 (5th Cir. Unit B Sept. 1981)[3]; *see also Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045–46 (11th Cir.1989); *Rollins*, 833 F.2d at 1532 n. 14; *Mauter*, 825 F.2d at 1557. Where a particular job

---

3. In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982), the Eleventh Circuit adopted as precedent all decisions of Unit B of the former Fifth Circuit.

position is entirely eliminated for nondiscriminatory reasons, for plaintiff to prevail against his employer he must show that he was qualified for another available job with that employer; qualification for his current position is not enough. *Barnes,* 814 F.2d at 609; *Williams,* 656 F.2d at 129; *cf. Rosenfield v. Wellington Leisure Products, Inc.,* 827 F.2d 1493, 1495 n. 2 (11th Cir.1987) (where plaintiff is discharged from previously held position, "prong requiring proof of qualification [for that position] is removed").

■ That Earley and Noe were in a protected age group and were adversely affected by an employment decision is uncontested. But that is not enough to raise a prima facie case. Earley's position as inventory control supervisor was entirely eliminated in the RIF; most of the work was transferred to a computerized inventory control system. No claim is made that the elimination of Earley's job was motivated by concerns other than legitimate business reasons. Rather, Earley says that Champion discriminated against him on the basis of age when it failed to find him a new position at the Courtland facility.

Earley misconstrues his burden under *Barnes.* Earley failed to establish, and would seemingly not be able to establish at trial, that a position for which he was qualified was available in the company at the time Champion terminated his employment. Earley points to several job openings for which he says he was qualified. Nothing shows that these positions were open at the right time: they were open either well before the time of plaintiffs' termination or several months after their termination.[4] Furthermore, Earley was unwilling to consider relocation outside Courtland, Alabama, thus limiting the range of positions available to him.

"[N]othing in the ADEA requires that younger employees be fired so that employees in the protected age group can be hired." *Barnes,* 814 F.2d at 610. Nor

should subsequent job openings (several months after plaintiffs' discharge) be considered as satisfactory proof of an open position at time of termination. *See, e.g., Brownlow v. Edgecomb Metals Co.,* 867 F.2d 960, 964–65 (6th Cir.1989) (reversing trial court verdict for plaintiff in ADEA reduction-in-force case because positions were not established until following year).

On the third element of the *Barnes* test, Earley and Noe have advanced nothing "significantly probative" from which a jury could conclude that age was a factor in their discharge. Neither plaintiff contends that the RIF was motivated by discriminatory reasons. Earley admits computerization made his job obsolete. Noe claims in a conclusory way that age had some bearing on his discharge, but offers nothing more than a bare allegation that he is in a protected group and was adversely affected by an employment decision. In fact, the circumstances of Noe's discharge as a buyer allow no inference that age was a substantial motivating factor. Three of the four buyers retained were over age forty, and two of those were older than Noe.

■ Plaintiffs have failed to show the nexus between their discharge and age discrimination. *See Pace,* 701 F.2d at 1388. Champion's failure to find plaintiffs positions months before or months after the time of discharge supports no inference of discrimination. Job openings were unavailable. When Champion "reduce[d] its work force for economic reasons, it incur[red] no duty to transfer [plaintiffs] to another position within the company." *Simpson v. Midland–Ross Corp.,* 823 F.2d 937, 942 n. 6 (6th Cir.1987). "[T]he essence of a RIF is that competent employees who in more prosperous times would continue and flourish at a company may nevertheless have to be fired." *Healy v. New York Life Ins. Co.,* 860 F.2d 1209, 1220 (3d Cir.1988). Plaintiffs have failed to present a prima facie case of age discrimination. Given plaintiffs' failure to establish even a prima

---

**4.** Adopting plaintiffs' position would effectively prohibit employers from planning and implementing RIFs if the reductions affected employees in the protected age group. If plaintiffs need prove only that they were qualified for some available position at any earlier or later time, virtually every plaintiff would be able to meet this requirement of a prima facie case.

facie case, the district court correctly granted defendant's motion for summary judgment.[5]

### B. Nationwide Discovery

■ Plaintiffs claim they were hampered in their presentation of evidence by a pre-trial discovery ruling. The district court denied plaintiffs' motion to compel nationwide discovery about "the identification of each person responsible for [Champion's] operation, the identification and function of each department, and the number and type of employees in each department and in the Company as a whole, by age for each year since January 1, 1980." The district court apparently found this request to be unduly burdensome on defendant.[6]

■ "[I]n the context of investigating an individual complaint the most natural focus is upon the source of the complained of discrimination—the employing unit or work unit." *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978) (denial of division-wide discovery request which encompassed some 7,500 employees in thirty-two districts and three manufacturing plants); *accord EEOC v. Packard Elec. Div., General Motors Corp.*, 569 F.2d 315, 318–19 (5th Cir.1978). While Champion's RIF was initiated at the national level, each plant was given considerable autonomy in drawing up its own RIF master plan. The decision to terminate Earley and Noe in the RIF—as opposed to other employees—was made at the local level. Where, as here, the employment decisions were made locally, discovery on intent may be limited to the employing unit. *See, e.g., Mack v. Great Atlantic and Pacific Tea Co., Inc.*, 871 F.2d 179, 187 (1st Cir.1989).

■ Plaintiffs' motion in the district court to compel discovery was conclusory in its statement of reasons for much broader discovery; and the district court was—we think understandably—unpersuaded.

**5.** We think that, even if a threshold prima facie case were established, defendant successfully rebutted any inference of discrimination. Champion presented solid rebuttal evidence that plaintiffs were discharged for legitimate non-discriminatory reasons associated with a company-wide RIF and poor work performance. The evidence shows that Champion acted for legitimate economic reasons in reducing its work force, evaluating all its options (including the option of encouraging early retirement), and then terminating plaintiffs upon determining that they were the least effective members of the Materials Department.

Champion presented performance evaluations and testimony by supervisors that Earley was the least effective salaried employee in the Materials Department; that Earley's communication skills were unsatisfactory and in need of improvement; that his work performance rating in 1985 and 1986 dropped to "satisfactory," the second lowest rating; that he was rated an ineffective manager and communicator; that he had mishandled a union grievance matter; he had failed to improve inventory selection; and that he had submitted inadequate cost improvements.

Champion also presented evidence that Noe was the least effective performer among the five buyers in the Materials Department. During Noe's tenure as purchasing agent, from 1972–1982, he was criticized for his deficient communication, supervisory and interpersonal skills. Following his demotion in 1982 to senior buyer, Noe consistently received poor performance evaluations, and his supervisor was openly dissatisfied with his work.

Plaintiffs say that these reasons are pretextual. But in support of this allegation, they offer the documents and transfer policies we discussed in Section A.1. and which we concluded were neither direct evidence nor more than colorable circumstantial evidence of discrimination. Noe also argues that his poor performance evaluations were timed to justify his discharge and to cover age bias; but he offers no evidence to support this theory nor any evidence of his superior qualifications.

Plaintiffs must do more than allege pretext to make out a triable issue of fact. *See Pace,* 701 F.2d at 1391 (plaintiff must respond sufficiently to defendant's rebuttal to create issue of fact and cannot rely on possibility that jury will draw contrary inference sufficient to create factual dispute). Plaintiffs have failed to show specific facts that could carry their burden of proof on the essential element of pretext; plaintiffs have failed to meet their burden of proof of intentional discrimination.

**6.** Plaintiffs got nationwide discovery on the availability of other positions with Champion at the time of discharge, including documentation regarding its nationwide efforts to find jobs within the company for employees affected by the restructuring. Plaintiffs also were provided full discovery of the Courtland Mill, with more than 1500 employees, and access to the complete personnel files of current and former exempt employees of the Materials Department.

A vague possibility that loose and sweeping discovery might turn up something suggesting that the structuring of the RIF was discriminatorily motivated does not show particularized need and likely relevance that would require moving discovery beyond the natural focus of the inquiry. *Joslin Dry Goods Co. v. EEOC*, 483 F.2d 178, 183–84 (10th Cir.1973). Denial of a motion to compel nationwide discovery will be reversed only if it constitutes an abuse of discretion, *Donovan v. Mosher Steel Co., Div. of Trinity Indus.*, 791 F.2d 1535, 1537 (11th Cir.1986), and we cannot say the district court abused its discretion.

AFFIRMED.