**James MCCABE, Plaintiff,**

v.

**EXCEL HOSPITALITY, INC., Defendant.**

No. 8:02–CV–1387–T–30MAP.

United States District Court, M.D. Florida. Tampa Division.

Nov. 19, 2003.

Randall V. Shanafelt, Esq., Sharon A. Wey, Esq., The Shanafelt Law Firm, P.A., St. Petersburg, FL, for Plaintiff James McCabe.

Sheri D. McWhorter, Esq., Foley & Lardner, Tampa, FL, for Defendant Excel Hospitality, Inc.

Robert L. Rocke, Esq., Rocke, McLean, and Sbar, Tampa, FL, for Defendant Excel Hospitality, Inc.

### ORDER

MOODY, District Judge.

THIS CAUSE comes before this Court upon Defendant's Motion for Summary Judgment (Dkts.# 12, 13) and Plaintiff's response (Dkt.# 20) thereto. After close consideration, this Court concludes that Defendant's motion should be denied.

### BACKGROUND

This action arises out of an employment dispute. Plaintiff is a white male who was employed by Defendant as a maintenance worker. Plaintiff had no written employment contract with Defendant and was an

at-will employee. On November 4, 2000, Defendant terminated Plaintiff. According to Plaintiff at the time of his termination, his supervisor told him: "Jim, I'm sorry, but I've got to let you go. I've had to hire a black for the department." On November 4, 2000, Defendant hired Antonio Jenkins, an African American male.

Defendant disputes that this conversation occurred. Defendant claims that it terminated Plaintiff for poor work performance. Defendant has a disciplinary policy which provides for escalating disciplinary action. Plaintiff's personnel file contains no disciplinary reports. Defendant claims that Plaintiff's supervisor provided Plaintiff verbal warnings of his poor performance prior to his termination.

■ Plaintiff brought a three count complaint against Defendant alleging that Defendant discriminated against him in violation of: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); (2) 42 U.S.C. § 1981 ("Section 1981"); and (3) the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.* ("FCRA").[1] Defendant moved for summary judgment arguing that: (a) Plaintiff failed to produce evidence (direct or circumstantial) of racial discrimination; (b) an at-will employment relationship is not an employment contract governed by Section 1981; and (c) no evidence exists supporting an award of punitive damages.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(emphasis in original). The substantive law applicable to the claimed causes of action will identify which facts are material. *See id.* Throughout this analysis, the district court must examine the evidence in the light most favorable to the non-movant and draw all justifiable inferences in its favor. *See id.* at 255, 106 S.Ct. 2505.

## DISCUSSION

### A. TITLE VII AND FCRA CLAIMS

■ Summary judgment is inappropriate on Plaintiff's Title VII and FCRA claims because Plaintiff produced direct evidence of discrimination. A plaintiff can survive summary judgment on a Title VII claim by producing either direct or circumstantial evidence of discrimination. *See Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 641 (11th Cir.1998). The Eleventh Circuit defines direct evidence of discrimination as " 'evidence which, if believed, would prove the existence of a fact [in issue] without inference

---

1. Since the FCRA essentially mirrors Title VII, Florida courts look to federal case law construing Title VII. *See Byrd v. Richardson–Greenshields Securities, Inc.,* 552 So.2d 1099, 1102 (Fla.1989); *Fla. Dep't of Community Affairs v. Bryant,* 586 So.2d 1205 (Fla. 1st DCA 1991); *also Resley v. Ritz–Carlton Hotel Co.,* 989 F.Supp. 1442, 1446–47 (M.D.Fla.1997)(construing Title VII and FCRA together).

or presumption.'" *Bass v. Orange County Bd. of County Commissioners,* 256 F.3d 1095, 1105 (11th Cir.2001)(quoting *Earley v. Champion Int'l Corp.,* 907 F.2d 1077, 1081 (11th Cir.1990)). Additionally, direct evidence only consists of remarks by decision makers related to the decision making process. *See id.*

██ If the jury accepted Plaintiff's version of the supervisor's statement, this statement would prove intentional discrimination without the need of any inference or presumption. *See, e.g., Miles v. M.N.C. Corp.,* 750 F.2d 867, 876 (11th Cir.1985) (concluding that statement by plant manager that he wouldn't hire blacks because "half of them weren't worth a shit" constituted direct evidence). Moreover, the decision maker, his supervisor, made the statement and the statement was about the decision making process. Therefore, the statement constitutes direct evidence of discrimination and summary judgment is denied.

## B. SECTION 1981 CLAIM

██ This Court also concludes that summary judgment should be denied to Defendant on Plaintiff's Section 1981 claim. Defendant argues that Section 1981 does not preclude intentional discrimination in terminating an at will employee who has no written employment contract. For the reasons stated in *Knight v. Palm City Millwork and Supply Co.,* this Court concludes that a Section 1981 claim exists in Florida for an at-will employee with no written employment contract. 78 F.Supp.2d 1345, 1346–48 (S.D.Fla.1999).

## C. PUNITIVE DAMAGES

██ Finally, this Court concludes that summary judgment is inappropriate on Plaintiff's punitive damages claim. Punitive damages are generally disfavored and awarded to punish defendants to deter future wrongdoing. *See Ferrill v. The Parker Group, Inc.,* 168 F.3d 468, 476–77 (11th Cir.1999). The Eleventh Circuit requires a plaintiff to show that a defendant acted with malice or reckless indifference to a plaintiff's federally protected rights. *See id.* at 476. Under this standard, a plaintiff must produce evidence either showing "'an intent to harm'" or a "'serious disregard for the consequences of [one's] actions.'" *Id.* (quoting *Splunge v. Shoney's, Inc.,* 97 F.3d 488, 491 (11th Cir.1996)). In *Ferrill,* the Eleventh Circuit reversed an award of punitive damages, holding that evidence of intentional discrimination without any evidence of racial animus or ill will was insufficient as a matter of law to support a punitive damage award. *Id.* at 477.

██ Defendant argues that Plaintiff has failed to produce any evidence of malice or reckless indifference. Plaintiff responds relying on evidence of intentional discrimination against him and allegations of racial animus against African American workers. Plaintiff is white and racial animus against African American co-workers is irrelevant to racial animus against Plaintiff. At this stage, this Court cannot conclude, however, that Plaintiff's termination was not undertaken with a "serious disregard" of Plaintiff's protected rights.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for Summary Judgment (Dkts.# 12, 13) is **DENIED.**

2. The parties are directed to mediate this case again prior to trial with Peter Grilli.