[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

_____

**No. 05-11756**
**Non-Argument Calendar**

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00723-CV-P-NE


MARY CATHERINE GRAHAM,

Plaintiff-Appellant,

versus

ALBERTO GONZALEZ, in his official
capacity as Attorney General, U.S.
Department of Justice,

Defendant-Appellee.


_____

**Appeal from the United States District Court**
**for the Northern District of Alabama**

_____

**(November 29, 2005)**


Before HULL, WILSON and COX, Circuit Judges.

PER CURIAM:

The Plaintiff, Mary Catherine Graham, appeals following the district court's grant of summary judgment in favor of Alberto Gonzales in his official capacity as Attorney General and head of the Federal Bureau of Investigation (the "FBI"). Graham contends that the district court erred in awarding summary judgment to the FBI on her claims of gender discrimination and retaliation based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").[1] Because she has not carried her burden on either claim, we affirm.

We review the district court's grant of summary judgment de novo. *Killinger v. Samford Univ.*, 113 F. 3d 196, 198 (11th Cir. 1997). This court will affirm the district court if, construing the evidence in the light most favorable to the non-moving party, no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)); *William Penn Life Ins.Co. v. Sands*, 912 F.2d 1359, 1361 (11th Cir. 1990). In cases such as this one, where the plaintiff seeks to prove disparate treatment motivated by prohibited discrimination, Title VII requires the plaintiff to establish a prima facie case in the absence of direct evidence.[2]

[1] In the district court, Graham asserted a sexual harrassment hostile working environment claim. On appeal, however, she does not contend that the district court erred in granting summary judgment on that claim.

[2] Although Graham claims that this case is a "direct evidence" case, she provides no direct evidence of discriminatory intent on the part of the FBI. *See Early v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (holding that direct evidence requires neither inference nor presumption to establish the ultimate fact at issue).

To establish a prima facie case in response to a motion for summary judgment in a disparate treatment case under Title VII, the plaintiff must bring forth evidence that (1) she is a member of a protected class; (2) she suffered an adverse employment action; (3) the employer treated similarly situated employees who were not members of her protected class differently; and (4) she was sufficiently qualified that the employment action should not have been adverse. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973); *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997); *Coutu v. Martin Cty. Bd. Of Cty. Comm'rs*, 47 F.3d 1068, 1073 (11th Cir. 1995). The district court assumed without deciding that Graham had established a prima facie case in accordance with the *McDonnell Douglas* standard. We do the same.

Once the prima facie case has been established, the burden of production–but not persuasion–shifts to the defendant to put forth a legitimate, nondiscriminatory reason for the adverse employment action. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097, 2106 (2000). In this case, the FBI claims that it refused to promote Graham because of her poor judgment in the workplace, and that several statements by coworkers interviewed during the two background investigations led it to this conclusion. Graham does not dispute that these statements

3

were made.  Rather, she argues that they were inaccurate and motivated by gender animus, and thus should not have been considered.

Graham misunderstands the standard by which the FBI's actions are evaluated. In contrast to what Graham appears to believe, the court does not concern itself with whether the FBI was correct in making its decision.  Instead, the court concerns itself only with whether that decision was a legal one.  *Nix v. WLCY Radio/Rahall Commun.*, 738 F.2d 1181, 1187 (11th Cir. 1984).  In the same vein, the court does not consider the accuracy of the information before the FBI when we evaluate its employment decision; we consider only whether the FBI relied on this information in making its decision.  *See Elrod v. Sears, Roebuck, & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (citation omitted).

The FBI's burden in establishing that it had a legitimate, nondiscriminatory reason for making its decision is "exceedingly light."  *Meeks v. Computer Assoc. Int'l*, 15 F.3d 1013, 1019 (11th Cir. 1994).  The FBI need only establish that clear and reasonably specific facts motivated its decision.  *Chapman v. Ala. Trans.*, 229 F.3d 1012, 1034-35 (11th Cir. 2000).  The district court's memorandum opinion lays out in sufficient detail the facts upon which the FBI based its assessment of Graham as an employee with poor professional judgment, and we will not repeat them here. (R.4-92 at 21-26.)  These stated facts and the resulting conclusions of the FBI are

4

sufficient to meet the *Meeks* standard. That Graham disputes the accuracy of these statements and the motivations of those who made them does not create a factual issue as to whether the FBI actually relied on them. Thus, the FBI has met its light burden to put forth a legitimate, nondiscriminatory basis for its decision.

Once an employer has established that its decision had a reasonable, nondiscriminatory basis, the burden returns to the plaintiff, who must now establish through "significant probative evidence" that discriminatory intent nevertheless motivated the decision maker, and that the stated reason was merely a pretext used to disguise this intent. *Elrod*, 939 F.2d at 1470. We agree with the district court's determination that there was no "significant probative evidence of pretext." Thus, Graham failed to meet her burden, and summary judgment was appropriate on her gender discrimination claim.

As to her claim of retaliation, Graham also must establish a prima facie case. To do so, Graham must establish that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the protected expression and the adverse employment action are causally linked. *Raney v. Vision Guard Serv., Inc.*, 120 F.3d 1192, 1196-97 (11th Cir. 1997). Graham claims that the ultimate withdrawal of her conditional employment offer was in retaliation for her

filing an EEO complaint after the first such withdrawal.[3]  However, Graham fails to establish any causal link between the ultimate withdrawal of her conditional employment offer and her filing of an EEO complaint.  After Graham filed her EEO complaint, the FBI made the same decision for substantially the same reason as it had made before she filed the complaint.  It is difficult to imagine how the EEO complaint had any appreciable effect on the second decision if that decision was identical to the first one.  *See Erenberg v. Methodist Hosp.*, 357 F.3d 787, 793 (8th Cir. 2004).  Moreover, the ultimate denial of her employment offer came more than eight months after her EEO filing.  The Supreme Court has recognized that, even assuming that temporal proximity suffices to show causation, such events must come closer to each other in time than that to be causally linked.  *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511 (2001) (citing with approval circuit court cases invalidating temporal proximities of three and four months).  Thus, because Graham has put forth no evidence of causation, her retaliation claim fails.

---

[3]Graham also claims that other events constituted retaliation, such as the timing of the investigation, the selection of the same person to perform both of her background investigations, and the failure to provide her with an opportunity to respond to the statements made about her. Each of these contentions is without merit, as each of the cited "actions" was merely an investigation protocol used at the FBI.  None could be considered adverse employment actions any more than the establishment of 12:00 to 1:00 as the investigator's lunch hour.

Graham additionally contends that the district court erred in awarding summary judgment after engaging in credibility determinations and "ignoring plaintiff's evidence." We find these contentions meritless.

**AFFIRMED.**