Kenneth M. **CULLEY,** Plaintiff,

v.

**TRAK MICROWAVE CORP.,**
Defendant.

No. 97–1274–CIVT23A.

United States District Court,
M.D. Florida,
Tampa Division.

Jan. 18, 2000.

---

Kenneth M. Culley, Douglas A. Lopp, Law Offices of Douglas A. Lopp, Brandon, FL, for Plaintiff.

Trak Microwave Corporation, Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, for Defendant.

## ORDER

MERRYDAY, District Judge.

Before the Court is the defendant's motion for summary judgment (Doc. 31). After reviewing the legal memoranda and discovery materials submitted by the parties, the Court finds that the requirements of Rule 56, Fed.R.Civ.P., are satisfied and, therefore, **GRANTS** summary judgment in favor of the defendant.

The plaintiff, Kenneth Culley ("Culley"), was 51 years old when his employment with defendant Trak Microwave Corporation ("Trak") ended in 1996. Culley claims that he was terminated because of his age, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat. Culley also claims that Trak retaliated against him for filing a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") by failing to re-hire him in a lower-paying position as a Ferrite Engineer.

Trak experienced numerous layoffs between 1990, the year Culley was hired as Engineering Manager,[1] and 1996. Culley depo. at 53; Burris depo. at 40. These

---

**1.** Culley was previously employed by Trak between 1976 and 1979, when he voluntarily left the company. Neither party claims that

layoffs were spurred initially by a dramatic decrease in Trak's business with the Department of Defense and later by Trak's restructuring its military and commercial product lines to achieve greater efficiencies in a smaller and more competitive business environment. At the time of his discharge, Culley's supervisor, Product Line Manager James Riddle, told Culley that Trak was eliminating the Engineering Manager position for "economic reasons." Complaint (Doc. 1) at ¶ 11. Trak did not hire another Engineering Manager or any other person to perform Culley's former job duties. Instead, Culley's responsibilities were 'absorbed by both Riddle, who was 58 years old at the time Culley was laid off, and by Culley's former subordinate, Chief Engineer Douglas Linkhart, who was 39 years old. Trak's restructuring and cost-cutting measures continued after Culley's discharge. Less than eighteen months later, in August 1997, both Riddle and Linkhart received permanent layoffs.

 To prevail on his discrimination claim, Culley "bears the ultimate burden of proving that age was a determining factor in the employer's decision to fire [him]." *Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir.1989). Pursuant to the ADEA, a plaintiff must first establish a *prima facie* case. *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir.1990). A plaintiff may establish a *prima facie* case through presentation of evidence by one of three accepted methods: direct evidence of discriminatory intent; statistical evidence; or the familiar test set out in *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Walker v. NationsBank of Florida N.A.*, 53 F.3d 1548, 1555–56 (11th Cir.1995). In this case, Culley presents no direct evidence that his firing was discriminatory.[2] Instead, Culley relies on statistics purportedly giving rise to an inference of age discrimination.

Culley's statistics consist of a report prepared by Dr. Chris P. Tsokos, a professor of statistics at the University of South Florida. Dr. Tsokos' "Expert Opinion and Report" (Doc. 51) considers 112 Trak Microwave employees "who were terminated (either by termination [f]or cause, resignation or permanent lay-off during the period of January 1991 through December 1996)." *See* Affidavit of Chris P. Tsokos, Ph.D., at ¶ 1 (Doc. 51).[3] Dr. Tsokos found that 64.29% of the terminated employees were forty years of age or older at the time of their terminations and 35.71% of

Culley's prior period of employment has any bearing on this lawsuit.

**2.** In his opposition to Trak's motion for summary judgment, Culley fails to mention *any* allegedly direct evidence of discrimination. The deposition testimony on file evidences only one age-related comment attributed to a managerial employee. Culley alleges that several months before his layoff, supervisor Riddle said "something like the older guys are too slow and we need to give more to the new guys." Culley depo. at 83. Culley testified that he understood Riddle's reference to "the new guys" to refer to "[t]hose guys that had been there a year, two years at most," but that—paradoxically—he understood "the older guys" to refer to the age of the engineers in the department rather than to the duration of their employment. *Id.* at 97. Culley also testified that he believed Riddle's remark was not directed at him and was not related to the quality of his work. *Id.* at 83–84. Nor was the remark connected to Culley's discharge.

Instead, the remark allegedly occurred several months earlier and related to the distribution of work within Culley's department. In sum, Culley presents no direct evidence of discriminatory intent. *See Damôn v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1999 WL 1092113, *2 (11th Cir. Dec.3, 1999) (" 'only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age' will constitute direct evidence of discrimination.") (quoting *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081–82 (11th Cir.1990)).

**3.** At deposition, Dr. Tsokos corrected the first paragraph of his affidavit by clarifying that all of the 112 employees suffered permanent layoffs, and none of the 112 were terminated for cause or resigned. Tsokos depo. at 15–17. In this order, the words "discharged" and "terminated" are used interchangeably to refer to Trak employees who, like Culley, received a permanent layoff.

the terminated employees were thirty-nine years of age or younger. *Id.* at ¶ 3. These figures, of course, tend neither to prove nor to disprove whether Trak discriminated against employees on the basis of age unless the percentages are statistically significant when compared to the age of Trak's workforce as a whole.[4] In his report, Dr. Tsokos failed to compare Trak's termination rates to the age of Trak's workforce, even though Trak provided the ages of all the company's employees to the plaintiff in discovery.[5] Instead, the only age comparison Dr. Tsokos performed was to assume that 50% of Trak's employees were forty or older and 50% thirty-nine or younger. No basis in the record exists for this assumption, and the record establishes that the assumption is incorrect. *See* Defendant's expert report (compiled from the same data available to the plaintiff) (Doc. 62) at 6.

4. Consider two simple examples: (1) If only 10% of Trak's employees during the relevant time period were at least 40 years of age, yet this small percentage of employees accounted for 64% of Trak's terminations, this disparity may yield a (rebuttable) inference of age discrimination. (2) However, if 64% of Trak's employees were at least 40 years of age and 64% of its terminations drawn from this age range, then the 64% termination rate is not statistically significant and therefore not supportive of an inference of age discrimination. *See Benson v. Tocco, Inc.*, 113 F.3d 1203 (11th Cir.1997) (over–50 employees terminated at a rate three times higher than under–50 employees supported an inference of age discrimination); *Maddow v. Procter & Gamble Co.*, 107 F.3d 846 (11th Cir.1997) (under–40 applicants offered jobs at a rate 3 ½ times higher than over–40 applicants supported an inference of age discrimination).

5. Dr. Tsokos testified that the plaintiff's attorney provided him only with data relating to the ages of Trak's terminated employees, and he received no information concerning the balance of Trak's employees. Tsokos depo. at 13.

6. Dr. Tsokos' report contains other disabling flaws. For instance, even though Culley was hired in 1990, Dr. Tsokos inexplicably chose to analyze the data concerning Trak's terminations for only the years 1991 through 1996. In 1990 alone, Trak terminated 101 employ-

■ From his incorrect "50/50" assumption and the datum that 64.29% of the 112 terminated employees were forty years of age or older, Dr. Tsokos reasoned: "Thus, we can conclude that there is a much higher chance that the 40 year old or older individual would be laid off with a high degree of assurance." Affidavit (Doc. 51) at ¶ 11. This conclusion is fundamentally flawed and entitled to no probative value.[6] *See Evans v. McClain of Georgia, Inc.*, 131 F.3d 957, 963 (11th Cir.1997) ("[s]tatistics without an analytic foundation are virtually meaningless"); *Brown v. American Honda Motor Co.*, 939 F.2d 946, 952 (11th Cir. 1991) (same). Without using a valid norm for purposes of comparison, the raw data concerning Trak's terminated employees is incapable of yielding a meaningful conclusion concerning discrimination.[7] The faulty statistical "analysis" of the plaintiff's expert is wholly insufficient to create a jury question.[8] *See Doan v. Seagate Tech-*

ees, almost as many as the 112 persons terminated between 1991 and 1996. Only forty-three of the 101 employees discharged in 1990 were forty years of age or older. If Dr. Tsokos had included the 1990 figures in his study, the 64.29% figure he (erroneously) considered significant would have dropped precipitously to 53.99% ((43 + 72) / (101 + 112)). Trak provided the 1990 layoff data in response to Culley's discovery request specifically asking for that information. However, Dr. Tsokos without explanation omitted the 1990 data from his report, an omission that considerably skewed his evaluation.

7. The report by the defendant's expert (Doc. 62) properly compares the age of Trak's discharged employees with the age of Trak's workforce. This report concludes that between 1990 and 1996 there are no statistically significant differences in the layoff rates between Trak's over–40 and under–40 employees, and that this is true whether the employment and layoff numbers are examined for each individual year or for the period as a whole.

8. Dr. Tsokos' sixty-five page *curriculum vitae* includes undoubted and impressive achievements in the field of statistics. However, his report as written sparks issues of admissibility pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

*nology, Inc.*, 82 F.3d 974, 979 (10th Cir. 1996) ("[w]hile statistical evidence may create an inference of discrimination, the evidence may be so flawed as to render it insufficient to raise a jury question").

 The third way in which a plaintiff may establish a *prima facie* case of discrimination is through the *McDonnell Douglas* standard. "In order to make a prima facie case for a reduction in force termination, [the plaintiff] must prove that (1) he was a member of the age group protected by the ADEA at the time of his termination; (2) he was qualified at the time of his termination; and (3) there is evidence from which a reasonable factfinder could conclude that the employer intended to discriminate on the basis of age in making the decision." *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1329 (11th Cir.1998). For purposes of summary judgment, Trak does not dispute that Culley meets the first and second elements of this standard. However, with regard to the third element, Culley cannot point to sufficient evidence to allow a reasonable juror to find discriminatory intent. Trak eliminated the position Culley held as Engineering Manager, and never hired anyone, including a younger person, to replace Culley. James Riddle, one of the two then-current employees who assumed Culley's responsibilities, was actually seven years older than Culley, and both Riddle and Chief Engineer Linkhart were themselves discharged only eighteen months after Culley. In addition, the testimony of Trak's key managers consistently supports Trak's position that its termination of Culley was non-discriminatory. Trak's then-president, Dale Burris (himself 8½ years older than Culley), testified:

> At that time we were undergoing more cost reductions and we were looking for places where we could cut costs without damaging the company beyond what we had to. And we decided that we could eliminate the engineering management position, and that's what we did.

Burris depo. at 87. Riddle similarly testified:

> [W]e were top-heavy at the engineering level management-wise. We had a chief engineer, and we had an engineering manager. And the size of the department basically indicated that we did not need both of those positions.

Riddle depo. at 25.

Pursuant to *McDonnell Douglas*, when a defendant articulates "at least one legitimate, nondiscriminatory reason [for] discharging the plaintiff," the burden of proof reverts to the plaintiff to prove the defendant's reasons pretextual, i.e., to prove age, not a reduction in the workforce, was a determining factor behind the discharge. *Watkins v. Sverdrup Technology, Inc.*, 153 F.3d 1308, 1314 (11th Cir.1998). To discredit the defendant's reasons, the "plaintiff must demonstrate 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find [all of those reasons] unworthy of credence.'" *Watkins*, 153 F.3d at 1314 (quoting *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir.1997) (internal quotation marks and citation omitted)) (bracketing in *Watkins*). Culley presents no evidence, other than an irredeemably flawed expert's opinion, to counter Trak's explanation for Culley's discharge. There are no genuine issues of material fact in the record sufficient for a reasonable factfinder to conclude that Culley is a victim of age discrimination. Accordingly, Trak's motion for summary judgment on Culley's termination claim is granted.

 Also, Culley claims that after he was discharged and filed an EEOC discrimination charge, Trak retaliated against him by not hiring Culley when he subsequently applied for a position as a Ferrite Engineer. Complaint (Doc. 1) at ¶¶ 18–22. The Ferrite Engineer position was a lower-paying and subordinate job to the managerial position Culley held before his layoff. To establish a *prima facie* claim of retaliation under the *McDonnell Douglas* standard, a plaintiff first must prove that:

(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment action; and (3) the adverse employment action was causally related to the protected activity. *See Harper v. Blockbuster Entertainment Corp.*, 139 F.3d 1385, 1388 (11th Cir.1998).

■ Culley cannot satisfy either the second or third elements required to establish a *prima facie* retaliation claim. The record shows that Trak did not, in fact, hire *anyone* to fill the Ferrite Engineer position for which Culley applied. Linkhart depo. at 37. Although Trak previously advertised for the position, by the time Culley submitted his application Trak determined that "considering the workload there were plenty of engineers already." *Id.* Because Trak did not hire anyone for the Ferrite Engineer position, Culley cannot establish that Trak's failure to hire *him* constitutes an "adverse employment action," and thus Culley fails the second element identified in *Harper*, 139 F.3d 1385 (11th Cir.1998). Moreover, even if Trak's permanent inaction concerning the position for which Culley applied is construed as an adverse employment action, Culley presents no evidence that Trak's failure to hire him was "causally related" to the protected activity, i.e., his filing a discrimination claim. No evidence in the record suggests that Trak exercised discriminatory intent by not hiring Culley as a Ferrite Engineer. In the absence of a genuine issue of material fact on this question, Trak is entitled to summary judgment on Culley's retaliation claim.

Because Culley's state law claims are governed by the same standards as his ADEA termination and retaliation claims, *Harper v. Blockbuster Corp.*, 139 F.3d 1385, 1387 (11th Cir.1998), Trak is likewise entitled to summary judgment on the merits of Culley's FCRA claims.

The Clerk is directed to (1) enter judgment in favor of the defendant, Trak Mi-

crowave Corporation, (2) terminate any pending motions, and (3) close the file.