[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**December 1, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 05-12139
Non-Argument Calendar

_____

D. C. Docket No. 03-01511-CV-ORL-18-DAB

THEODORE R. VAUGHAN,

Plaintiff-Appellant,

versus

MORGAN STANLEY DW INC.,
a Delaware corporation formerly known as Dean
Witter Reynolds, Inc.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 1, 2005)**

Before ANDERSON, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Appellant Theodore R. Vaughan, a 59-year-old former employee of Morgan Stanley DW Inc. ("Morgan Stanley") with approximately 10 years experience as a financial advisor and 4 years experience at Morgan Stanley, appeals the district court's order granting summary judgment in favor of Morgan Stanley, in his age discrimination action, brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-23 ("ADEA"). In his complaint, Vaughan argued that his termination pursuant to a reduction in force ("RIF") was illegal.

On appeal, Vaughan argues that the district court erred by concluding that he failed to state a claim for age discrimination. Vaughan first asserts that he established a *prima facie* case of discrimination because (1) he was protected by the ADEA and suffered adverse employment action; (2) he demonstrated that he was qualified for his position at the time of his termination; and (3) Morgan Stanley intended to discriminate on the basis of age in making its termination decision. Vaughan asserts that he produced compelling evidence of Morgan Stanley's decision to retain lower-producing younger employees while terminating higher-producing older employees. Vaughan asserts that age played a role in the design of the RIF because Morgan Stanley used experience as a proxy for age in developing the RIF criteria.

2

We review "*de novo* the district court's grant of summary judgment, applying the same legal standards as the district court, and viewing all facts and reasonable inferences drawn therefrom in the light most favorable to . . . the non-moving party." *Johnson v. Booker T. Washington Broad. Serv., Inc.*, 234 F.3d 501, 507 (11th Cir. 2000). Summary judgment is warranted if the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

The ADEA makes it unlawful "for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA applies to individuals who are at least 40 years old. 29 U.S.C. § 631(a).

We have held that, "[i]n an employment discrimination case, the plaintiff must produce sufficient evidence to support an inference that the defendant-employer based its employment decision on an illegal criterion." *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207 (11th Cir. 1997). "In proving an age discrimination claim, a plaintiff can establish a prima facie case of discrimination through either direct evidence of discrimination or a variation of the four-part test outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36

3

L. Ed. 2d 668 (1973) for circumstantial evidence." *Damon v. Fleming Supermarkets of Florida, Inc.,* 196 F.3d 1354, 1358 (11th Cir. 1999). Each of these types of proof will be discussed in turn.

### *Direct Evidence of Age Discrimination*

We have noted that "[d]irect evidence is evidence which, if believed, proves the existence of the fact in issue without inference or presumption." *Jones v. Bessemer Carraway Med. Ctr.*, 151 F.3d 1321, 1323 n.11 (11th Cir. 1998). However, "only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age, constitute direct evidence of discrimination." *Earley v. Champion Intern. Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (quotation and alterations omitted).

In the instant case, after reviewing the record, we conclude that Vaughan has not established any direct evidence of age discrimination. Furthermore, Vaughan conceded that he did not perceive age discrimination while he worked at Morgan Stanley. Thus, we will examine whether Vaughan has established a *prima facie* case of age discrimination based upon circumstantial evidence.

### *Circumstantial Evidence of Age Discrimination*

When a plaintiff does not present direct evidence of age discrimination, he "relies on circumstantial evidence and invokes the burden-shifting framework

4

established in" *McDonnell Douglas*. *Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1267 (11th Cir. 2001). In *McDonnell Douglas*, the Supreme Court held that the plaintiff generally has the burden of establishing a *prima facie* case of discrimination. 411 U.S. at 802, 93 S. Ct. at 1824. Establishing a *prima facie* case of discrimination creates a presumption of unlawful discrimination, and the employer must come forward with evidence of a legitimate non-discriminatory reason for its decision. *Id.* When the employer expresses one or more legitimate reasons for its actions, the presumption of discrimination evaporates, and the plaintiff must raise a genuine issue of material fact as to whether the reasons offered by the defendant are pretextual. *Id.* at 804, 93 S. Ct. at 1825. In order to establish pretext, a plaintiff must present evidence "sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Chapman v. AI Transport*, 229 F.3d 1012, 1024 (11th Cir. 2000) (quotation omitted).

In an RIF case, "the plaintiff establishes a *prima facie* case by demonstrating (1) that he was in a protected age group and was adversely affected by an employment decision; (2) that he was qualified for his current position or to assume another position at the time of discharge; and (3) evidence by which a fact finder reasonably could conclude that the employer intended to discriminate on the

5

basis of age in reaching that decision." *Watkins v. Sverdrup Tech., Inc.*, 153 F.3d 1308, 1314 (11th Cir. 1998) (quotation omitted).

We conclude from the record that in the instant case, Vaughan satisfied the first element of the *Watkins* test because he was 59 years old at the time of his termination. Vaughan also established the second element of the *Watkins* test because he had approximately ten years experience as a financial advisor and he worked at Morgan Stanley for approximately four years. *See Damon*, 196 F.3d at 1360. However, Vaughan failed to establish the third element. Vaughan's allegation that Morgan Stanley systematically removed more productive older workers while retaining less productive younger workers is without merit. Vaughan relied upon his own statistical analysis to support his allegation, but he admitted in his deposition that he was not a statistician and did not fully analyze the RIF data. Also, Vaughan conceded that over half of the financial advisors at his Morgan Stanley branch were over the age of 40, and he was the only one in that age group who was terminated during the RIF.

*Conclusion*

Viewing the facts in a light most favorable to Vaughan, and upon careful review of the record and the parties' briefs, we find no reversible error. Accordingly, we affirm the district court's grant of summary judgment.

**AFFIRMED.**