[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 19, 2007
THOMAS K. KAHN
CLERK

No. 06-12919

D. C. Docket No. 04-01213 CV-J-25-TEM

DONALD J. NOVELLA,

                                        Plaintiff-Appellant,

                    versus

WAL-MART STORES, INC.,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

**(March 19, 2007)**

Before DUBINA and COX, Circuit Judges, and SCHLESINGER,* District Judge.

_____
*Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of
Florida, sitting by designation.

PER CURIAM:

Appellant Donald Novella, a deaf individual, appeals the district court's grant of summary judgment to his employer in this action for discrimination in violation of the Americans With Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. and various state law claims. He argues that the ability to communicate effectively at his termination meeting was both an "essential function" of his job and one of the "privileges and benefits" of employment, requiring a reasonable accommodation–specifically, the presence of an interpreter–under the ADA. Furthermore, he argues that his termination, while purportedly due to management's conclusion that he had written obscene graffiti on the bathroom walls, was in retaliation either for his reporting of the graffiti, or for his request that an interpreter be present at his termination meeting, in violation of the Florida Whistleblower Act (FWA), Fla. Stat. § 448.102(3).[1]

## I.

We review a grant of summary judgment on an ADA claim *de novo*. *Lowe v. Ala. Power Co.*, 244 F.3d 1305, 1307 (11th Cir. 2001). Summary judgment is

---

[1]After carefully reviewing the record and the briefs of the parties, we have determined that Novella's additional state law claim of negligent infliction of emotional distress is barred by the state law "impact rule" and thus is without merit. *See R.J. v. Humana of Fla.*, 652 So. 2d 360, 362-63 (Fla. 1995).

appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We have recognized that summary judgment is appropriate in an employment case where the plaintiff has offered evidence that is "*merely colorable,* or is *not significantly probative*." *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080-81 (11th Cir. 1990) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511 (1986)).

## II.

In order to state a claim of discrimination under the ADA, Novella must have made a *prima facie* case showing: (1) he has a disability; (2) he is a "qualified individual," which is to say, able to perform the essential functions of the employment position with or without reasonable accommodation; and (3) Wal-Mart unlawfully discriminated against him because of his disability. *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000). It was undisputed here that Novella has a disability. The district court did not reach the issue of whether Novella was a "qualified individual." Instead, the court decided the issue solely on the ground that the third prong was not met because no reasonable accommodation was

required at the termination meeting.[2]  Regarding the third prong of a *prima facie*

case, in the context of disability law, "discrimination" encompasses the failure to

make reasonable accommodations for the known disabilities of otherwise qualified

persons.  *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1236 (11th Cir. 2005).

Equal Employment Opportunity Commission (EEOC) regulations define the

term "reasonable accommodation" to include both modifications that enable an

employee to "perform the essential functions" of the job, and modifications that

enable an employee to "enjoy the equal benefits and privileges of employment" as

other, non-disabled employees. 29 C.F.R. § 1630.2(o)(ii), (iii).  The "essential"

functions of a job are the fundamental duties of the job and are distinct from

"marginal" functions. *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 835

(11th Cir. 1998).  "Determining whether a particular job duty is an essential

function involves a factual inquiry to be conducted on a case-by-case basis."

*Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1258 (11th Cir. 2001).  "[I]n

conducting this inquiry, 'consideration shall be given to the employer's

judgment . . .  and if an employer has prepared a written description for the job,

---

[2]While we refer to this as a termination meeting, the record demonstrates that it was really a meeting where Novella was simply given notice of his termination.

4

this description shall be considered evidence of the essential functions of the job.'" *Id.* (quoting *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir.2000)).

We have not addressed whether the ability to understand charges and defend oneself at a termination meeting qualifies as one of the "benefits and privileges" of employment. Nonetheless, we have held that "[a]n 'accommodation' is 'reasonable'–and, therefore, required under the ADA–**only if it** enables the employee to perform the essential functions of the job." *LaChance,*146 F.3d at 835 (emphasis added).

In light of our earlier pronouncement in *LaChance*, we conclude that communication at a termination meeting, the purpose of which is to give the employee notice of his termination, is not an "essential function" of an employee's job.

## III.

To establish a *prima facie* case for retaliation under the FWA, Novella was required to show: (1) that he engaged in protected activity; (2) that he suffered an adverse employment action; and (3) a causal link between the protected activity and the adverse action. *Rice-Lamar v. City of Fort Lauderdale*, 853 So. 2d 1125,

1132 (Fla. Dist. Ct. App. 2003)[3].  Opposing any act or activity that is made unlawful by the ADA is a "protected activity." *Higdon v. Jackson*, 393 F.3d 1211, 1218-19 (11th Cir. 2004).  The causation requirement is construed broadly, so that a plaintiff must only show the employer's awareness of a protected activity and a "close temporal proximity" between the awareness and the adverse decision.  *Id.* at 1220.  However, an employer may rebut a *prima facie* case of retaliation with evidence of a legitimate nondiscriminatory purpose, which the employee must then prove by "significantly probative evidence" to have been pretextual. *Carter v. City of Miami*, 870 F.2d 578, 584 (11th Cir. 1989).  We may affirm the judgment below on any legal ground, regardless of the grounds relied upon by the district court. *Cuddeback v. Fla. Bd. of Educ.*, 381 F.3d 1230, 1235-36 (11th Cir. 2004).  Thus, even if Novella were able to establish a *prima facie* case of retaliation, we may affirm the judgment below on the basis that there was insufficient evidence of pretext. *Id.* at 1236.

After careful review of the record we conclude that Novella failed to establish any causation between his reporting of the graffiti and his termination.  Consequently, he failed to establish a *prima facie* case for retaliatory firing.

---

[3]To the extent that Novella also asserted retaliation in violation of the ADA, we note that the test was the same as for FWA violations.  *Standard v. A.B.E.L. Services, Inc.*, 161 F.3d 1318, 1328 (11th Cir. 1998).

Because Novella otherwise failed to rebut Wal-Mart's showing of a legitimate, nondiscriminatory business purpose for his ultimate termination, his claim that he was fired in retaliation for requesting an interpreter also fails.

For the above-stated reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**