[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15809
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 6, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00035-CV-ORL-19DAB

CHRISTOPHER B. HOWARD,

Plaintiff-Appellant,

versus

OREGON TELEVISION, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 6, 2008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Christopher Howard, an African-American male proceeding pro se, appeals

the district court's grant of summary judgment to his former employer, Oregon Television, Inc., in his race discrimination suit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and the Florida Civil Rights Act, Fla. Stat. § 760.10. Howard's complaint alleges that he was unlawfully terminated from his position as an accountant for Oregon Television based on his race. Oregon Television filed a motion for summary judgment, and the district court granted it, concluding that Howard had failed to make out a prima facie case of discriminatory discharge. Howard contends that the district court erred by concluding that he had not established a prima facie case of discriminatory discharge because, according to him, he has shown that similarly situated employees were treated differently based on race.[1]

We review de novo a district court's grant of summary judgment, applying the same legal standards used by the district court. Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1242 (11th Cir. 2001). We draw all factual inferences in a light most favorable to the non-moving party. Id. at 1243. Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."

---

[1] Howard attached to his appellate brief an affidavit and a case summary from another case, which were not presented to the district court. We will not address these documents because they are not part of the record and are therefore not properly before us. Holly v. Clairson Indus., L.L.C., 492 F.3d 1247, 1258 n.12 (11th Cir. 2007).

2

Fed. R. Civ. P. 56(c). "Speculation does not create a genuine issue of fact." Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted). We have stated that "the plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Johnson, 263 F.3d at 1243 (citations and alteration omitted).

Title VII and the Florida Civil Rights Act both prohibit an employer from discharging an individual based on his race. 42 U.S.C. § 2000e-2(a)(1); Fla. Stat. § 760.10(1)(a). Claims under Title VII and the FCRA are analyzed under the same burden-shifting framework, and accordingly decisions construing Title VII are also applicable to claims under the FCRA. See Harper v. Blockbuster Entertainment Corp., 139 F.3d 1385, 1387 (11th Cir. 1998) ("The Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act, because the Florida act was patterned after Title VII. No Florida court has interpreted the Florida statute to impose substantive liability where Title VII does not." (internal citations omitted)).

Under Title VII, the plaintiff "bears the ultimate burden of proving discriminatory treatment by a preponderance of the evidence." Earley v.

Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). Absent direct evidence of an intent to discriminate, a plaintiff may prove his case through circumstantial evidence by using the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089 (1981).

Under that burden-shifting framework, a plaintiff must demonstrate a prima facie case of discrimination, and if successful, the burden then shifts to the employer to rebut a presumption of discrimination by producing evidence that its action was taken for a legitimate, non-discriminatory reason. Equal Employment Opportunity Comm'n v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272 (11th Cir. 2002). If the employer meets its burden of production, "the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." Id. at 1273. A plaintiff establishes pretext by showing that "the employer has not given an honest explanation for the employer's behavior." Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1363 n.3 (11th Cir. 1999).

A plaintiff establishes a prima facie case of discriminatory discharge by showing that: (1) he was a member of a protected class; (2) he was qualified for the job from which he was discharged; (3) he was discharged; and (4) he was replaced

4

by a person outside his protected class or was treated less favorably than a similarly situated individual outside his protected class. See Maynard v. Bd. of Regents of Div. of Univ. of Fla. Dep't of Educ., 342 F.3d 1281, 1289 (11th Cir. 2003). Employees are similarly situated when they are accused of the same or similar conduct. Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001). The conduct must be nearly identical "to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Id. (citations omitted) (holding that although two employees had arrests for assaulting a child, they were not similarly situated because one had three additional arrests for violent assaults).

In this case, the parties agree that Howard has made out the first three elements of a prima facie case, and all that is at issue is whether he was treated less favorably than a similarly situated employee outside his protected class. Howard was notified in writing five times over a two-year period that he was making unacceptable mistakes and that his performance was deficient. Howard contends that two white employees, Marisol Colon and Cathy McCurdy, made similar mistakes but were not disciplined or terminated. However, he has not shown that these women were similarly situated to him.

Colon had a history of positive performance reviews and received a negative

5

performance review once for a single mistake, whereas Howard had been notified of repeated mistakes and deficiencies with his performance and failed to correct these problems. With respect to McCurdy, after she was informed that her performance was deficient in one area and was disciplined for that conduct, she improved her performance, whereas Howard's mistakes and deficiencies continued. Howard has therefore not shown that a similarly situated employee outside his protected class was treated more favorably. See id. Accordingly, we affirm the district court's grant of summary judgment to Oregon Television.

**AFFIRMED.**