[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 21, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10684
Non-Argument Calendar
_____

D. C. Docket No. 06-00646-CV-BBM-1

STEPHEN F. GOODIN,

Plaintiff-Appellant,

versus

SECRETARY OF DEFENSE,

Defendant,

FRANCIS J. HARVEY, Secretary of the Army,
in his official capacity,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 21, 2008)

Before BIRCH, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Stephen Goodin appeals the district court's grant of summary judgment in his gender discrimination action, brought pursuant to Title VII, 42 U.S.C. § 2000e-2(a).

Goodin filed the instant action alleging gender discrimination after the Army promoted Susan Vohlken into a position Goodin sought. Goodin asserted that he was better qualified and that various errors in the selection process established the discriminatory intent. The Army moved for summary judgment, explaining that it had not promoted Goodin because Vohlken had broader experience, a master's degree, and performed better in the interview. Goodin responded that these reasons were pretextual, as evidenced by various improprieties in the selection process. He further alleged that he had direct evidence of discrimination based on a statement by Christopher Smith, a member of the selection process.

Upon the magistrate judge's recommendation, and over Goodin's objections, the district court granted summary judgment. The district court concluded that Goodin could not show pretext simply by disagreeing with the employer's decision, and that he had not shown his qualifications were significantly better such that a reasonable person would not have chosen Vohlken over Goodin. The court also rejected Smith's statement as direct evidence of discrimination and found that this isolated comment would not show pretext because it offered no

2

evidence of discriminatory motive. The court further rejected Goodin's claims of errors in the selection process, noting that Goodin's conclusory statements and conspiracy theory were insufficient because they were unsupported by evidence. The court also addressed each of Goodin's objections to the magistrate judge's recommendation, finding that the policy concerning the selection process did not apply to the position at issue, and even if there were irregularities in the selection process, there was no evidence of discriminatory motive.

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

Title VII prohibits discrimination on the basis of gender. 42 U.S.C. § 2000e-2(a). On any Title VII claim the plaintiff bears "the ultimate burden of proving discriminatory treatment by a preponderance of the evidence." Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). Goodin may satisfy

his burden by presenting direct evidence of an intent to discriminate or circumstantial evidence using McDonnell Douglas's burden-shifting framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

If the plaintiff relies on circumstantial evidence using the burden-shifting framework in McDonnell Douglas Corp., the plaintiff first must establish a prima facie case of discrimination, which creates a rebuttable presumption of discrimination. See EEOC v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1272-73 (11th Cir. 2002). Once a plaintiff has made a prima facie showing of discrimination, the burden shifts to the employer to offer a legitimate, non-discriminatory reason for the employment action. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-55, 101 S.Ct. 1089, 1094-95, 67 L.Ed.2d 207 (1981). If the defendant articulates a legitimate, non-discriminatory reason, the plaintiff must come forward with evidence sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were pretextual. Holifield v. Reno, 115 F.3d 1555, 1565 (11th Cir. 1997).

Goodin argues that summary judgment was improper because he proffered direct evidence of discrimination in the form of a statement by decision-maker Christopher Smith, and that he established that the Army's legitimate reason was a

4

pretext for discrimination.

After a thorough review of the records, we affirm for the reasons given in the district court's order dated February 1, 2008.

**AFFIRMED.**