[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-10968
Non-Argument Calendar

_____

D. C. Docket No. 06-02820-CV-JEC-1

CHARLOTTE P. BROOKS,

Plaintiff-Appellant,

versus

THE INSURANCE HOUSE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 7, 2009)

Before EDMONDSON, Chief Judge, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Counseled Plaintiff-Appellant Charlotte P. Brooks, an African-American female, appeals the grant of summary judgment in favor of her former employer, Defendant-Appellee The Insurance House, Inc. ("Insurance House"), dismissing Plaintiff's claims of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a)(1), 2000e-3(a) and 42 U.S.C. § 1981. No reversible error has been shown; we affirm.

Plaintiff states categorically that the district court erred in its conclusion that Plaintiff failed to establish a prima facie case and references some case law that sets out the requirements for establishing a prima facie case of racial employment discrimination and retaliation.[*] But Plaintiff fails to apply the cited case law to the facts of her case; she fails to set out error in the district court's application of the law in this matter. Issues that are noted in an initial appellate brief unaccompanied by legal or factual argument on the issue are deemed abandoned. Denney v. City of Albany, 247 F.3d 1172, 1182 (11th Cir. 2001). Plaintiff does assert that her supervisor's reference to a "good old boy network" constituted direct evidence of racial animus. The magistrate judge's report and recommendation, adopted by the

_____

[*]Plaintiff fails to discuss or even reference her claims of Title VII wrongful termination based on gender, Title VII disparate impact based on racial and gender discrimination, § 1981 disparate treatment based on racial and gender discrimination, hostile work environment, and intentional infliction of emotional distress. "[A] legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed." Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004). We deem these claims abandoned.

2

district court, set out and applied correctly the standard applicable to direct evidence. See, e.g., Earley v. Champion Intern. Corp., 907 F.2d 1077, 1081 (11th Cir. 1990) (direct evidence is evidence which, if believed, proves the existence of a fact without inference or presumption.). The stray words Plaintiff cites -- if they are of evidentiary value -- are just circumstantial evidence of the fact to be proved. And, in any event, because Plaintiff presents no supporting legal analysis on her direct evidence contention, this issue also is deemed abandoned.

Plaintiff does argue that the district court grant of summary judgment violated her Seventh Amendment right to a jury trial. Assuming arguendo that this claim has been preserved for appeal, it is without merit. See Parklane Hosiery Co., Inc. v. Shore, 99 S.Ct. 645, 654 (1979); Garvie v. City of Ft. Walton Beach, Fla., 366 F.3d 1186, 1190 (11th Cir. 2004). When no genuine issue of material fact exists, summary judgment appropriately is due to be granted. Because Plaintiff advances no issue of material fact for the jury to resolve (indeed, Plaintiff failed to dispute the statement of material facts submitted by Insurance House in support of it's summary judgment motion), no constitutional violation has been shown.

AFFIRMED.