[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 6, 2005
THOMAS K. KAHN
CLERK

No. 05-14010
Non-Argument Calendar

_____

D. C. Docket No. 04-00056-CV-1

SON O. PAYE,

Plaintiff-Appellant,

versus

SECRETARY OF DEFENSE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(December 6, 2005)

Before DUBINA, CARNES  and HULL, Circuit Judges.

PER CURIAM:

Son O. Paye, an Asian-American female, appeals the district court's grant of

summary judgment to her former employer the Defense Commissary Agency under the Department of Defense and Department of the Army (collectively the "Department") on Paye's claim of race discrimination, brought pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-16. [1] The district court found that Paye had failed to meet the prima facie case for discrimination under Title VII because she had not shown that she was treated differently than a similarly situated employee outside her protected class. The court also found that Paye had failed to present evidence of pretext concerning the Department's proffered reason for firing her: her failure to improve performance after being placed on a performance improvement plan ("PIP") for failure to meet critical job requirements.

Paye contends that the district court erred in finding that she failed to make the prima facie case showing under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). She argues that she did not present evidence that a similarly situated employee outside her protected class was treated differently than she. Even though her pro se complaint alleged disparate treatment, she argues that

[1] In her appellate reply brief, Paye challenges the district court's grant of the Department's motion for dismissal of her disability discrimination claim pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, for failure to state a claim. Because Paye did not raise this issue in her initial brief on appeal, and because she did not amend her complaint, respond to the Department's motion to dismiss the claim, or file a motion for reconsideration in the district court, we decline to consider it. Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330-31 (11th Cir. 2004).

2

to establish a _prima_ _facie_ case all she must do is show that she was fired and her position was filled by someone outside her protected class.

Paye further contends that the district court erred in finding that the Department had given a legitimate, nondiscriminatory reason for her removal. She argues that the subsequent removal of two African-American females after her termination shows that, while facially neutral, the PIPs actually affected only protected class workers. She also maintains that granting the motion for summary judgment was premature because an employer's true motive is difficult to discern in Title VII cases.

I.

"We review a grant of summary judgment _de_ _novo_, using the same legal standard as the district court." Merritt v. Dillard Paper Co., 120 F.3d 1181, 1184 (11th Cir. 1997). Summary judgment is proper if the pleadings, depositions, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986) (quoting Fed. R. Civ. P. 56(c)). The evidence, and all inferences drawn from the facts, must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio

Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986) (quotations and citations omitted).

In order to defeat summary judgment, however, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586, 106 S. Ct. at 1356. The non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof. Celotex, 477 U.S. at 323, 106 S. Ct. at 2552.

II.

Title VII states, in pertinent part, that "[a]ll personnel actions affecting employees . . . in [the Department and other units of the federal government] . . . shall be made free from any discrimination based on race . . ." 42 U.S.C. § 2000e-16(a). A plaintiff may prove a claim of discrimination through (1) direct evidence, (2) circumstantial evidence, or (3) statistical proof. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990).

Because Paye relies on circumstantial evidence, we use the burden-shifting framework established in McDonnell Douglas, 411 U.S. 792, 93 S. Ct. 1817, and Texas Department of Community. Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089 (1981), for her race discrimination claim. Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc) (discussing an ADEA claim). Under the

McDonnell Douglas/Burdine framework, a plaintiff must first show an inference of discriminatory intent by establishing a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802, 93 S. Ct. at 1824.  Once the plaintiff establishes a prima facie case, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the employment action.  Id.  If the employer is able to meet its burden, the plaintiff must then show that the proffered reason is merely a pretext for discrimination.  Burdine, 450 U.S. at 256, 101 S. Ct. at 1095.

To succeed with a disparate treatment claim, a plaintiff must show that: (1) she was a  member of a protected class; (2) she was subjected to adverse job action; (3) she was qualified to do the job; and (4) she was replaced by or treated less favorably than someone outside her protected class.   Knight v. Baptist Hosp. of Miami, Inc., 330 F.3d 1313, 1316 (11th Cir. 2003); see Morris v. Emory Clinic, Inc., 402 F.3d 1076, 1081-82 (11th Cir. 2005) (detailing means of presenting proof to meet the fourth prong).

> A plaintiff does not shift the burden to the defendant
> under McDonnell Douglas merely by stating that he was
> fired or treated unfavorably. McDonnell Douglas requires
> the plaintiff to establish a prima facie case which
> includes identifying an individual who replaced him or
> was treated better than he was who was not a member of
> his protected class . . .

5

Morris, 402 F.3d at 1082. Further, "[i]n determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).

## III.

Paye's position on the prima facie case is that the district court used the incorrect test by requiring her to show that someone outside her protected class was treated differently than she was. She should only have been required to show that she was replaced by someone outside her class. It does not matter, because she has not shown–with evidence, instead of assertions–a genuine issue as to either component. She failed to offer any evidence about the race of her replacement, if any, about any other Asian-American employees and whether they were also the subject of discriminatory actions, or about any employees who were not fired after failing to meet PIP requirements.

The district court did not err in granting summary judgment to the Department.

**AFFIRMED.**

6