[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 05-14911
Non-Argument Calendar

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 26, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-60238-CV-KAM

COREY DAVIS,

Plaintiff-Appellant,

versus

U. S. POSTMASTER GENERAL,
Johh Potter, Postmaster General of the
United States Postal Service Agency,

Defendant-Appellee.

------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
------------------------------------------------------------------

**(July 26, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Corey Davis, an African-American employee of the United States Postal Service (the "Postal Service"), appeals the district court's grant of summary judgment to the Postmaster General (the "Postmaster") on his claims of race-based disparate treatment, retaliation, and hostile work environment, in violation of Title VII, 42 U.S.C. § 2000e et seq. No reversible error has been shown; we affirm.

We review the district court's rulings on a motion for summary judgment de novo; we view all evidence and factual inferences in the light most favorable to the non-moving party. Gay v. Gilman Paper Co., 125 F.3d 1432, 1434 (11th Cir. 1997). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

We first address Davis's disparate treatment claim. Davis alleged that, between 1999 and 2004, the Postal Service discriminated against him because of his race through these adverse employment acts: (1) reassigning him to work on different machines; (2) assigning him to work alone; (3) not allowing him to work with other African-Americans; (4) not providing him with requested assistance; (5) monitoring his work excessively; (6) paging him throughout the work day; (7)

2

giving him difficult work assignments; (8) moving him between work operations; (9) giving him a "biased warning" after he worked through a break; (10) preventing him from talking to other co-workers; (11) closely monitoring his movements at work; (12) frequently changing his job responsibilities; and (13) talking down to him in a demeaning manner.[1]

In considering disparate treatment claims supported by circumstantial evidence, "the plaintiff first has the burden of establishing a prima facie case of discrimination, which creates a rebuttable presumption that the employer acted illegally." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004). "A plaintiff establishes a prima facie case of disparate treatment by showing that [he] was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." Id.

We have explained that an adverse employment act is "an ultimate employment decision, such as discharge or failure to hire, or other conduct that alters the employee's compensation, terms, conditions, or privileges of

---

[1]In his complaint, Davis alleged additional discriminatory conduct that the district court concluded did not constitute adverse employment acts; and, on appeal, Davis does not renew his argument that these incidents were adverse employment acts. Therefore, he has abandoned argument about these claims on appeal. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) (explaining that a party abandons an issue when he fails to raise it in his initial brief on appeal).

employment, deprives him or her of employment opportunities, or adversely affects his or her status as an employee." Gupta v. Florida Bd. of Regents, 212 F.3d 571, 587 (11th Cir. 2000) (internal quotation omitted). In addition, we have stated that, in the vast majority of cases, a temporary change in work assignments that creates no tangible harm, and does not alter the employee's permanent job title, is not adverse. Davis v. Town of Lake Park, 245 F.3d 1232, 1245 (11th Cir. 2001).

We are not persuaded that the incidents Davis discusses on appeal, either individually or collectively, constitute an adverse employment act.[2] These incidents chiefly concern Davis's work assignments or the supervision of his work; and Davis directs us to no evidence that these incidents affected the terms, conditions, or privileges of his employment. See id. at 1239 (explaining that "it is clear that to support a claim under Title VII's anti-discrimination clause the employer's action must impact the terms, conditions, or privileges of the plaintiff's job in a real and demonstrable way") (internal quotation omitted). Therefore, we conclude that Davis has not satisfied the elements of his prima facie case; and the

---

[2]In reaching this conclusion on Davis's disparate treatment claim, we need not discuss the Supreme Court's recent decision about the nature of an adverse employment act in a different context: the context of a retaliation claim. See Burlington N. & Santa Fe Ry. Co. v. White, No. 05-259, manuscript op. at 4-18 (U.S. June 22, 2006).

district court did not err in determining that no genuine issue of material fact existed about Davis's disparate treatment claim.[3]

We next address Davis's retaliation claim. Davis argues that the same incidents that supported his disparate treatment claim also establish that the Postal Service retaliated against him for filing charges with the Equal Employment Opportunity Commission ("EEOC") between 2000 and 2003. "To establish a prima facie case of retaliation under Title VII, a plaintiff must show that (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there is some causal relation between the two events." Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998). After the plaintiff has established a prima facie case, the employer has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment act. Id. Nevertheless, the "plaintiff bears the ultimate burden of proving by a

---

[3]The district court did conclude that Davis was suspended from work during a time that he was incarcerated and that this suspension constituted an adverse employment act. Although Davis does not raise this issue on appeal, the Postmaster argues that Davis was not actually suspended from his job; and, even if he was suspended, this suspension did not rise to the level of an adverse employment act. Regardless of whether the Postal Service's response to Davis's incarceration constituted an adverse employment act, Davis still has failed to present a prima facie case of discrimination because he has pointed to no evidence showing that a Postal Service employee outside of his protected class was not suspended after being incarcerated. See Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) ("In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.").

preponderance of the evidence that the reason provided by the employer is a pretext for prohibited, retaliatory conduct." Id.

Here, the district court granted summary judgment to the Postal Service on Davis's retaliation claim; the court concluded that Davis had not demonstrated that the Postal Service's legitimate, non-retaliatory reason for its employment acts was pretextual. Because, on appeal, Davis does not challenge the district court's decision that he failed to show pretext on this claim, and because our review of the record does not indicate that the district court's decision was in error, we affirm the grant of summary judgment to the Postmaster on Davis's retaliation claim.

Davis also argues that the incidents he identified on appeal as being adverse employment acts constituted a pervasive pattern of abuse, which created a hostile work environment. To establish a prima facie case for a hostile work environment claim, a plaintiff must demonstrate that (1) he belongs to a protected group; (2) he has been subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) the employer is responsible for that environment. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002). The employee must present "concrete evidence in the form of specific facts," not just

6

conclusory allegations and assertions.  See Earley v. Champion Internat'l Corp.,

907 F.2d 1077, 1081 (11th Cir. 1990).

Upon our review of the record and the parties' briefs, we conclude that the

district court did not err in granting summary judgment to the Postmaster on

Davis's hostile work environment claim.  Davis has not demonstrated that the

complained-of conduct unreasonably interfered with his job performance.  See

Mendoza v. Borden, Inc., 195 F.3d 1238, 1246 (11th Cir. 1999) (en banc) (noting

that we consider whether conduct unreasonably interfered with the employee's job

performance in deciding if the conduct was severe enough to alter the terms and

conditions of employment).  Therefore, Davis's allegations, even if true, do not

meet our standard for establishing a hostile work environment that was sufficiently

severe or persuasive to alter the terms and conditions of his employment.

AFFIRMED.