[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11292
Non-Argument Calendar
_____

D. C. Docket No. 04-00126-CV-JTC-3

LECRISTAL HOWARD,

Plaintiff-Appellant,

versus

UNITED PRUITT CORPORATION,
ALVISTA HEALTH CARE,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 24, 2006)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Lecristal Howard, a black female, appeals the summary judgment against her complaint of racial discrimination against her employer, Alvista Health Care, a skilled care nursing home, and United Pruitt Corporation, a related entity. We affirm.

We review a grant of summary judgment de novo. Brooks v. County Comm'n of Jefferson County, 446 F.3d 1160, 1162 (11th Cir. 2006). Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Howard raises two arguments on appeal. First, Howard argues that she presented sufficient evidence that the proffered reason for her demotion was pretextual. Second, Howard argues that the district court improperly weighed evidence of mistreatment when it granted summary judgment against her claim of a hostile work environment. Each argument fails.

First, the district court correctly determined that Howard did not present evidence that the legitimate non-discriminatory reason given for her demotion was pretextual. Alvista asserted that Howard was demoted because of poor performance, and Alvista offers documentary and testimonial evidence in support

of that reason. Howard did not dispute that her performance was poor. On the contrary, in her deposition, Howard admitted that she had complained that "she had too much responsibility and needed someone else to take over some of [her] functions." Howard also conceded that a report of her performance deficiencies was "probably correct." Howard's bare assertion that she was demoted because of her race is insufficient to carry her burden. See Earley v. Champion Intern. Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). Although Howard complains that the decision to demote her was based on a subjective assessment, "[a] subjective reason can constitute a legally sufficient, legitimate, nondiscriminatory reason under the McDonnell Douglas / Burdine analysis," Chapman v. AI Transport, 229 F.3d 1012, 1033 (11th Cir. 2000).

Second, the district court correctly determined that the alleged behavior about which Howard complained did not amount to a hostile work environment. Howard presented evidence that she was screamed at at least twice, was excluded occasionally from meetings, and her supervisor once asked her a question in an inappropriate tone of voice, but Howard failed to offer any evidence that any of these incidents was related to her race. Howard also alleged that a male coworker used a racial slur, but the district court correctly concluded that an isolated incident does not create a hostile work environment. Harris v. Forklift Systems, Inc., 510

3

U.S. 17, 21, 114 S. Ct. 367, 370 (1993).

The summary judgment against Howard's complaint is

**AFFIRMED**.